Lewis E. MATTHEWS and
Carl Lee Sprouse

v.

G. A. REYNOLDS, Superintendent Correctional Field Unit #9.

Civ. A. No. 75–0036 (L).

United States District Court,
W. D. Virginia,
Lynchburg Division.

Dec. 19, 1975.

Lewis E. Matthews and G. A. Reynolds, pro se.

M. Stuart Bateman, Asst. Atty. Gen., Richmond, Va., for respondent.

## JUDGMENT AND OPINION

DALTON, District Judge.

Lewis Matthews and Carl Sprouse, prisoners at the Rustburg Correctional Unit, filed a .complaint on August 19, 1975, styled as a "special motion" and containing numerous general charges concerning the conditions of confinement at the Rustburg Unit. This "special motion" was followed by a further complaint of September 16, 1975 accompanied by a sworn affidavit. This complaint reiterated the same general charges.

Recognizing that the complainants were making many general conclusory allegations without stating whether they as individuals had experienced any direct injury or were threatened with injury as a result of these supposed conditions, this Court ordered the petitioners to particularize their complaint and warned the complaint would be dismissed should they fail to do so. More than sixty days have since passed without any further action by petitioners.

The two complaints of the petitioners contain the following allegations:

(1) Respondent has unlawfully interfered with petitioners' access to the courts.

(2) Respondent has improperly altered or cancelled all programs established by the State Department of Corrections.

(3) Respondent has mismanaged and misused inmate funds.

(4) Respondent has failed to provide for the safety of inmates by allowing guards to report to work intoxicated and by placing young inmates in solitary confinement with older inmates knowing they would be molested.

(5) Food, clothing and medical facilities are inadequate.

(6) Respondent has used inmate labor to further his own enterprises.

At the outset, this Court notes that a prisoner cannot sue for depriva-

tion of another prisoner's civil rights under § 1983. *O'Malley v. Brierley*, 477 F.2d 785 (3rd Cir. 1973). Only if a litigant can assert that action by a defendant threatens or results in harm to him, will he be entitled to relief. This Court granted petitioners additional time to submit counter-affidavits to make these assertions. Petitioners' failure to do so must be weighed against them where they appear to be asserting the rights of others and do not attempt to correct this after being instructed to do so. *Cassidy v. Superintendent, Danville City Prison Farm*, # 73–2315 (4th Cir., 1975), *Daye v. Turner*, 526 F.2d 588 (4th Cir. 1975).

■ Petitioners' first charge that they were denied the right to petition this Court is based on an incident that occurred on August 18, 1975. Petitioner Matthews was typing his complaint around midnight when Officer Young instructed him to stop typing due to the noise. This Court cannot agree with Matthews that such action constitutes a denial of his rights. It was clearly a permissible aspect of prison discipline for Officer Young to make such a request. Furthermore, Young did not attempt to stop Matthews altogether, but only asked him to stop his typing. He was allowed to continue his work by handwriting his petition.

As to petitioners' second charge, respondent flatly denies in his affidavit that he has terminated any programs authorized by the Department of Corrections. In petitioners' affidavit of September 16, they state that eligibility for all authorized programs depends on a prisoner's security classification. There are certain minimum requirements for each classification status and specific rules for moving up in status. Petitioners charge that respondent manipulates these rules so certain inmates receive the benefits of programs authorized for a classification status of which they are not a member. There is no indication this has affected petitioners at all and their affidavits constantly

refer to other "inmates". Accordingly, this claim is dismissed for lack of standing.

■ Petitioners' third claim lacks constitutional status. While they charge that respondent has mismanaged and misused inmates' canteen funds, affidavits submitted by respondents fully explain this. The Division of Corrections authorized respondent to spend the funds in the inmate canteen fund to purchase arts, craft and hobby equipment. However, respondent chose not to do so because he learned that another grant was forthcoming for the same purpose. This Court perceives this action to be a perfectly permissible aspect of a prison authority's discretion in supervising the facility.

Respondent also acknowledges that at one time there was a shortage in the canteen fund, but this shortage was made up by those officers responsible for keeping the books of the fund. The books are presently balanced. Such action moots all need for intervention by this Court.

■ Petitioners' failure to particularize their fourth claim warrants its dismissal. Respondent states he is unaware of any guard coming to work drunk or any incident of violence by an older inmate against a younger one. Petitioners' failure to cite any specific instance of such conduct or to charge that respondent was aware of this leaves this Court powerless to grant any further relief against respondent for his alleged negligent management of the Rustburg Unit. See *Summers v. Horton*, 443 F. 2d 225 (4th Cir. 1971), *Jenkins v. Averett*, 424 F.2d 1228 (4th Cir. 1970), *Landman v. Peyton*, 370 F.2d 135 (4th Cir. 1966), *cert. denied*, 338 U.S. 920, 87 S.Ct. 2142, 18 L.Ed.2d 1367 (1967), *Cole v. Williams*, 526 F.2d 588 (4th Cir. 1975).

Likewise, petitioners are not entitled to further relief when they merely allege food, medicine and clothing on the Rustburg Unit are inadequate, but make no attempt after being given the opportuni-

ty, to specify these charges. Petitioners' affidavit of September 16, 1975, does not refer to any instance where these supposed inadequate facilities have resulted in sickness or injury to a prisoner. Furthermore, petitioners never suggest that they have had to eat such food, wear such clothing or use these medical supplies. Thus, petitioners' complaint amounts to nothing more than a disagreement with prison conditions. However, without some clear facts to controvert respondent's denial of the existence of such conditions, a further plenary hearing seems fruitless.

■ Finally, petitioners charge respondent with using inmate labor for his own benefit. This charge is clearly explained in Affiant Reynolds' affidavit. Affiant states that he has been authorized to use his automobiles in his work because there are not enough state owned vehicles for use. Inmates are at times told to work on respondent's vehicles. Affiant further states that he purchases all supplies necessary for repair and all inmates that work on the cars receive their regular wages. While Affiant admits that he owns a car dealership, he states that he does not use inmates to work on autos sold for profit. This explanation is quite acceptable to this Court. Respondent is not exercising any abuse of power and there clearly is no constitutional violation here.

This Court is of the opinion that summary judgment may be granted to respondent under the direction of Rule 56(e) of the Federal Rules of Civil Procedure. The Clerk will strike this case from the docket and certify a copy of this opinion to petitioner and counsel for respondent.