898 F.2d 144
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bernard S. ANDERSON, Plaintiff-Appellant,
v.
Julian L. MORGAN, Director & Unknown Defendants; John
Leonheart; Threshold, Inc., Defendants-Appellees.
 No. 89-6737.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 23, 1990.
Decided: March 6, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (C/A No. 89-1686-JH)
 Kelly Anne Halligan, Lumpkins & Halligan, Richmond, Va. for appellant.
 Blaine L. Gilbert, Baltimore, Md. for appellees.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before K.K. HALL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bernard S. Anderson complained in this 42 U.S.C. Sec. 1983 action that, upon his transfer from a correctional facility to a half-way house, he was forced to perform work for a home improvement and remodeling company. Further, Anderson alleged that he was denied just compensation and that he was forced to perform remodeling work at both the half-way house and the home of the director of that facility. Anderson claimed a violation of the Thirteenth Amendment. The district court granted leave to proceed in forma pauperis but summarily dismissed the complaint without service of process. We affirm in part and vacate and remand in part.
 
 
 2
 As the district court found, nonpayment of wages under prison work-release programs is not actionable under Sec. 1983. Manning v. Lockhart, 623 F.2d 536, 538 (8th Cir.1980). It follows that the arrangement to which Anderson was subject, in which he evidently kept some of his pay, was constitutionally permissible. See Newell v. Davis, 563 F.2d 123, 124 (4th Cir.1977), cert. denied, 435 U.S. 907 (1978).
 
 
 3
 The allegation that Anderson was forced to perform work on the director's residence is not as clear-cut an issue, however. Forcing an inmate to perform work that inures solely to an individual's private benefit, as opposed to the public benefit, is not as plainly allowed under the Thirteenth Amendment's exception for work imposed as punishment for crime. Matthews v. Reynolds, 405 F.Supp. 50 (W.D.Va.1975). Because the claim may have "an arguable basis in law," sua sponte dismissal was improper. See Nietzke v. Williams, 57 U.S.L.W. 4493, 4496 (U.S. May 1, 1989) (No. 87-1882); Crosby by Crosby v. Holsinger, 816 F.2d 162 (4th Cir.1987).
 
 
 4
 Therefore, we affirm in part and vacate and remand in part for action by the district court in compliance with this decision.* As the dispositive issues recently have been authoritatively decided, we dispense with oral argument.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 In accordance with this holding, appellant's motion for summary remand is denied