John REID, Appellant,

v.

Phillip CHARNEY and Howard Lee,
Appellees.

No. 12826.

United States Court of Appeals
Sixth Circuit.

June 25, 1956.

John Reid, pro se.

Russell A. Searl, Lansing, Mich.
(Thomas M. Kavanagh, Carson City,
Mich., Edmund E. Shepherd, Daniel J.
O'Hara, Lansing, Mich., on the brief),
for appellees.

Before SIMONS, Chief Judge, and
McALLISTER and STEWART, Circuit
Judges.

PER CURIAM.

Appellant's action for damages under the Civil Rights Act, 42 U.S.C.A. §§ 1981–1983, was originally filed against ten defendants. Upon motion, the complaint was dismissed as to eight of them and no appeal was taken from that order. Subsequently, the complaint was dismissed as to the two remaining defendants because of the appellant's failure to proceed with trial, and it is from that dismissal that this appeal was taken.

The appellant is an inmate of the Southern Michigan State Prison. The complaint, prepared by the appellant himself, although vague and repetitious, in the opinion of the district court stated a cause of action against the appellees, two Michigan law enforcement officers. The court granted the appellant leave to proceed in forma pauperis and thereafter made repeated efforts to secure trial counsel for him. These efforts were unsuccessful, as were the appellant's own efforts to secure counsel in his own behalf, although he was given opportunity to do so by the district judge.

The trial court granted the appellant a continuance of two months from the original trial date to give him a further opportunity to seek legal assistance. Upon the rescheduled trial date, the appellant, who was in court, refused to proceed. The district court then dismissed the case, but in doing so made it clear that if the appellant obtained counsel within thirty days, the court would consider reopening the case.

█ In contrast to a criminal proceeding, in which the court has a duty to "assign" counsel to represent a defendant in accordance with his Constitutional right, Rule 44, Federal Rules of Criminal Procedure, 18 U.S.C.A., the court in a civil case has the statutory power only to "request an attorney to represent" a person unable to employ counsel. Title 28 U.S.C.A. § 1915(d). While the refusal of local counsel to serve was regrettable, the court could hardly do more than was done under the circumstances.

█ In addition to requesting the services of uncompensated counsel, the

appellant also requested that eight named persons be subpoenaed as witnesses at government expense. The trial court refused this request. Even in a criminal case, where it is the district court's clear duty to order that subpoenas be issued upon the request of an indigent defendant at the cost of the government, that duty is not absolute. Rule 17(b), Federal Rules of Criminal Procedure. The court's action upon such requests is generally not reviewable in the absence of an abuse of discretion. See Goldsby v. United States, 1895, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Austin v. United States, 9 Cir., 1927, 19 F.2d 127; United States v. Kinzer, D.C.D.C.1951, 98 F. Supp. 6. Certainly no less discretion was allowable to the district court in this civil action, whatever the court's power may have been. Cf. Adkins v. E. I. Du Pont De Nemours & Co., 1947, 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43.

The trial court was not in error, and its order dismissing the complaint in this case is hereby affirmed.