**HARLEM RIVER CONSUMERS COOPERATIVE, INC., Plaintiff,**

v.

**ASSOCIATED GROCERS OF HARLEM, INC., et al., Defendants.**

**No. 70 Civ. 4128.**

United States District Court,
S. D. New York.

April 10, 1972.

See also, D.C., 53 F.R.D. 691.

Rosenman, Colin, Kay, Petschek, Freud & Emil, New York City, for de-

fendant. Retail, Wholesale &. Chain Store Food Employees Union, Local 338; Lawrence R. Eno, Joseph Zuckerman, New York City, of counsel.

Cora T. Walker, New York City, for plaintiff.

MacMAHON, District Judge.

This is a motion by Local 338, Retail, Wholesale & Chain Store Food Employees Union ("the Union"), one of the defendants in the main action, to suppress, pursuant to Rule 26(c), Fed.R.Civ.P., two photographs taken of the Union's attorneys by plaintiff during discovery proceedings on the latter's premises. The Union also seeks to recover the costs and expenses of this motion.

The motion was referred to a United States Magistrate, pursuant to 28 U.S.C. § 636(b) and General Rule 35 of this court, for a hearing and report. The Magistrate recommended that the motion be denied.

Certain facts are undisputed. Plaintiff Harlem River Consumers Cooperative, Inc. ("the cooperative") brought an antitrust action against 44 defendants, including the Union. As part of pretrial discovery, defendants served the cooperative with a request to produce documents, pursuant to Rule 34, Fed.R.Civ.P. The cooperative responded with an announcement that the requested documents would be made available at one time on a certain date to all defendants at the cooperative's headquarters. Subsequently, some 36 attorneys met at the cooperative's headquarters to examine and copy documents. Officers and stockholders of the cooperative were also present, and, during the session, a stockholder took two photographs of the persons assembled.

Several attorneys for the defendants, including counsel for the Union, were pictured in the photographs, taken without their consent. Objections to the taking and subsequent use of the photographs for any purpose were made by all defense attorneys present. Nevertheless, plaintiff's attorney refused at that time to suppress the photographs voluntarily or to qualify their use, and, by direction of her client, has maintained that position except to agree not to use the photographs for any commercial purpose.

The Magistrate found that, although the taking of the photographs did not physically disrupt the discovery proceeding, it was a "breach of manners" and of "proper decorum." Nevertheless, he recommended that the motion be denied on the ground of de minimus non curat lex. We think the Magistrate's conclusion, however, that such an unwarranted, unpermitted and extraneous intrusion into the discovery proceeding is of no moment, misconceives the gravity of the impropriety, the purpose of discovery, and the role of the court in regulating the process.

■ Discovery is an instrument of justice and therefore carries with it the same need for serenity and calm that surrounds other judicial proceedings. *Cf.* Wood v. Georgia, 370 U.S. 375, 383, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962); Cox v. Louisiana, 379 U.S. 559, 562, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965). Indeed, the need for such an atmosphere is expressly recognized by Rule 26(c), Fed.R.Civ.P., which, in pertinent part, provides that upon motion the court may make any order which justice requires to protect a party from annoyance, harassment, oppression or undue burden or expense.

■ The court has the power and the duty under Rule 26(c) to insist that the discovery process be conducted in an orderly and dignified atmosphere, free from intrusive and distracting side shows which only burden the search for truth. Carr v. Monroe Mfg. Co., 431 F.2d 384 (5th Cir. 1970); Equal Employment Opportunity Comm'n v. United Ass'n of Journeymen & A. of Pl., Local 189, 311 F.Supp. 464 (S.D.Ohio 1970);

Williams v. Johnson & Johnson, 50 F.R. D. 31, 33 (S.D.N.Y.1970); Waldron .v. British Petroleum Co., 4 Fed.Rules Serv.2d 30b.23, Case 1 (S.D.N.Y.1961). See 4 J. Moore, Federal Practice ¶ 26.73 (2d ed. 1971).

█ The purpose of discovery is to provide an orderly, efficient and effective means for ascertaining the truth in order to expedite a determination of the controversy on the merits. Mackerer v. New York Cent. Ry., 1 F.R.D. 408 (E. D.N.Y.1940). That purpose not only demands dignity, order and decorum, but also unswerving attention to the business at hand.

The federal rules envision that discovery will be conducted by skilled gentlemen of the bar, without wrangling and without the intervention of the court. The vision is an unreal dream. Regrettably, hostility, and bitterness are more the rule than the exception in unsupervised discovery proceedings. Perhaps this is inevitable, for litigation at all stages and under the best of circumstances is fertile ground for conflict. The opposing self-interest of the parties, as each vies for advantage, often spawns not only bitterness but abuse of the discovery process. See Speck, The Use of Discovery in United States District Courts, 60 Yale L.J. 1132 (1949). The ultimate curtailment of abuse requires the constant vigilance of the bench and bar to insure that any conduct threatening the orderly progress of discovery proceedings is nipped in the bud, lest the efficacy of modern discovery proceedings be destroyed.

Unsupervised discovery proceedings, therefore, are fraught with enough inherent clashes without the intrusion of extraneous bones of contention. That this is so is demonstrated here. Counsel for the Union swears, without contradiction, that he was threatened with physical violence. The hostile atmosphere of these proceedings is further revealed by the comment of plaintiff's counsel that a certain stockholder, "like similar members of this community, bitterly resents the manner in which Local 338 and the other defendants are visibly trying to tear up their self-help project." .

█ There can be no question that defense counsel were understandably annoyed by the taking of photographs without their consent, for some extraneous purpose. That the taking of photographs detracts from the required calm and serene atmosphere essential to the administration of justice is recognized by General Rule 36 of this court, which prohibits the taking of photographs in the courthouse and its environs. While we are unwilling to construe that rule to include sites outside the courthouse, as the Union urges, it clearly suggests that such extraneous intrusions, as those shown here, cannot be tolerated during discovery proceedings carried out under the protective umbrella of the federal rules. Finkelstein v. Boylan, 33 F.Supp. 657, 658–659 (S.D. N.Y.1940). Accordingly, plaintiff is directed not to use such photographs for any purpose.

The Union seeks an award of expenses, including attorney's fees, under Rule 37(a) (4), Fed.R.Civ.P. That rule, as amended in 1970, authorizes such an award on a motion for a protective order under Rule 26(c). Rule 37(a) (4) provides, in pertinent part:

"If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

█ The notes of the Advisory Committee make clear that the test of whether opposition was substantially

justified depends on whether "the dispute over discovery between the parties is genuine." In other words, the Committee reports, expenses should not be awarded if "the losing party acted justifiably in carrying his point to court." We think, therefore, that the Union's request for costs and expenses must be denied because the issue raised by the Union was largely unprecedented and because plaintiff's opposition was not frivolous.

Accordingly, the Union's motion to suppress the two photographs taken during the discovery session is granted. The Union's request for costs and expenses is denied.

So ordered.