J. W. GAMBLE, Plaintiff-Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Defendant-Appellee.

No. 74-3727.

United States Court of Appeals,
Fifth Circuit.

June 22, 1977.

Rehearing and Rehearing En Banc
Denied Sept. 6, 1977.

J. W. Gamble, pro se.

Daniel K. Hedges (Court-appointed),
Houston, Tex., for plaintiff-appellant.

John L. Hill, Atty. Gen., Bert W. Pluy-
men, Asst. Atty. Gen., Austin, Tex., for
defendant-appellee.

Before CLARK, Associate Justice,* and
GOLDBERG and AINSWORTH, Circuit
Judges.**

PER CURIAM:

This case is before us again on remand
from the United States Supreme Court
with directions to consider, in light of the
Supreme Court's opinion in *Estelle v. Gam-
ble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251
(1976) whether J. W. Gamble, a state in-
mate, has stated an 8th Amendment consti-
tutional claim against the Director of the
Department of Corrections (Director) and
the warden of the prison arising out of
medical treatment he received at the Texas
Department of Corrections. We have care-
fully examined the record and conclude that
Gamble has failed to state such a claim.

* Associate Justice of the United States Supreme
Court, Retired, sitting by designation.

** Justice Clark concurred in the above opinion
before his death June 13, 1977.

The standard set forth by the Supreme Court by which we make this determination is as follows: if the inmate is the victim of "deliberate indifference to serious medical needs" in any manifestation, he states an 8th Amendment cause of action under 42 U.S.C. § 1983. However, this "deliberate indifference" must be just that—an accidental or inadvertent failure to provide adequate care will not suffice for § 1983 purposes.

Here Gamble has failed to meet the rigorous guidelines described above. His complaint is directed primarily at the prison physician who actually performs the medical treatment, while the Director and the warden are parties, not for having failed to provide treatment, but more on respondeat superior principles in line with their official capacities. We can find no evidence in the record that either exhibited "deliberate indifference" to Gamble's medical needs by means of interference with the prison doctor's performance or in any other manner which would satisfy the Supreme Court standard.

Therefore, we affirm the order of the District Court dismissing the complaint against the Director and the warden.