Fred **AHRENS, Individually and on behalf of all other pretrial detainees in the Platte County Jail similarly situated, Appellees,**

v.

**Sheriff Thomas J. THOMAS, Henry Miller, Lloyd Allen, and Charles Cox, Appellants.**

Fred **AHRENS, Individually and on behalf of all other pretrial detainees in the Platte County Jail similarly situated, Cross-appellants,**

v.

**Sheriff Thomas J. THOMAS, Henry Miller, Lloyd Allen, and Charles Cox, Cross-appellees.**

**Nos. 77–1539 and 77–1541.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1977.

Decided Feb. 17, 1978.

Rehearing and Rehearing En Banc Denied March 15, 1978.

Donald R. Tharp, Asst. Prosecuting Atty., Platte City, Mo. (argued) and Owens Lee Hull, Jr., Pros. Atty., Platte City, Mo., on brief, for Sheriff Thomas, et al.

Ronald Lee Roseman (argued), William J. Dittmeier, Legal & Defender Society of Greater Kansas City, Mo., and Andrew Steinberg, Legal Aid & Defender Society of Greater Kansas City (on brief), Kansas City, Mo., for Ahrens et al.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Plaintiff Fred Ahrens, a pretrial detainee in the Platte County, Missouri, jail from August 11, 1973, to September 30, 1974, brought this section 1983 action below, challenging the conditions of confinement under which he was detained. The district court,[1] on August 18, 1975, certified the cause as a class action under Fed.R.Civ.P. 23(b)(2) and defined the class as "all present and future pretrial detainees at the Platte County Jail." A trial was held in April 1976 and on June 3, 1977, the court entered judgment for plaintiffs. Relief granted included cessation of the present Platte County Jail except for limited purposes. In addition, the district court prescribed minimum constitutional standards for a new Platte County Jail which included physical, health and safety conditions of the jail, adequate medical care, food services, recreation for inmates, classification of inmates, access to legal services and opportunity to prepare for trial, visiting and communication, disciplinary and grievance procedures for inmates, and proper training, selection and staffing of correctional officers. The defendants appeal from the court's order and the plaintiffs cross-appeal from the court's denial of their request for relief with respect to vocational, educational and counseling programs and contact visiting. We affirm in part and modify in part.

■ The defendants in this appeal initially contend that the district court erred in failing to grant their motion to dismiss on several different grounds. First, the defendants argue that plaintiffs' action failed to satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1). In light of the fact that Rule 23(a)(1) must be read liberally in the context of civil rights suits, *Jones v. Diamond*, 519 F.2d 1090, 1099–1100 (5th Cir. 1975), and in light of the fact that the district court included all present and fu-

ture pretrial detainees in the Platte County Jail as members of the class, we find no abuse in the district court's determination of sufficient numerosity. *See Arkansas Education Ass'n v. Board of Education*, 446 F.2d 763, 765 (8th Cir. 1971).

■ The defendants secondly contend that their motion to dismiss should have been granted because of the inadequate notice afforded to the class members. Rule 23(c)(2) provides that "In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The instant cause, however, was certified as a class action under Rule 23(b)(2), not Rule 23(b)(3). In any event, we are persuaded that the notice posted within the Platte County Jail informing class members of the pendency of the action and advising them of their opportunity to intervene was "the best notice practicable under the circumstances." Accordingly, we reject defendants' second argument.

■ Finally, defendants contend that their motion to dismiss should have been granted because plaintiff Ahrens was not a proper representative of the class of pretrial detainees at the Platte County Jail. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The district court noted in granting the class action certification that Ahrens was no longer a pretrial detainee. However, the court also noted that in light of the fairly rapid release or transfer of detainees, the substantial issues raised may never receive judicial scrutiny unless certification is permitted after the named plaintiff has been released or transferred. The Supreme Court has recognized this potential problem by stating:

There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them

1. The Honorable John W. Oliver, Chief Judge, United States District Court for the Western District of Missouri.

before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

*Sosna v. Iowa,* 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). *See Bradley v. Housing Authority,* 512 F.2d 626 (8th Cir. 1975). The district court in the instant case found that Ahrens was represented by competent counsel and the interest sought to be advanced by Ahrens did not conflict in any way with those of the other members of the class. Accordingly, we are not persuaded that the district court erred in entering nunc pro tunc as of the date of filing the order certifying the class action.

The defendants' next contention concerns the remedy prescribed by the district court. In a long and exhaustive opinion, published at 434 F.Supp. 873 (W.D.Mo.1977), the district court found numerous constitutional violations in the conditions of confinement for detainees in the Platte County Jail. The defendants do not take issue with these findings, which are clearly supported by the evidence. The defendants argue, however, that in prescribing a remedy the district court exceeded its authority.

■ Turning to the district court's final judgment and decree, the first portion pertains to the minimum constitutional standards for the present Platte County Jail. *Ahrens v. Thomas,* 434 F.Supp. 873, 901 (W.D.Mo.1977). In substance, the district court ordered that the present jail facility could be used only as a pretrial hold facility for persons charged with criminal offenses. In addition, no person may be confined in the present facility for longer than seven days. Finally, the district court ordered that the present jail facility be thoroughly

cleansed, inspected and supervised and that detainees be given pre-detention physical examinations. In light of the uncontested findings, we are not persuaded that these requirements ordered by the district court amounted to an abuse of its discretion.[2] As Judge Coleman of the Fifth Circuit recently stated, "It is much too late in the day for states and prison authorities to think that they may withhold from prisoners the basic necessities of life, which include reasonably adequate food, clothing, shelter, sanitation, and necessary medical attention * * *." *Newman v. State of Alabama,* 559 F.2d 283, 286 (5th Cir. 1977).

■ We are troubled, however, by the second portion of the district court's final judgment and decree pertaining to the minimum constitutional standards for the construction of a new Platte County Jail. *Ahrens v. Thomas, supra,* 434 F.Supp. at 901–04. In all, 72 standards were prescribed by the district court to be followed by local authorities in the construction of a new jail. Furthermore, the district court retained jurisdiction in order that the plans and specifications for the construction of the new jail might be approved. *Id.* at 909. In prescribing specific standards for future construction and operation and in retaining jurisdiction for the purpose of insuring conformance therewith, it is our opinion that the district court has impermissibly intruded into the affairs of state prison administration. In articulating for the federal courts a policy of minimum intrusion into the affairs of state prison administration, the Supreme Court has stated:

Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to

2. It may be that this portion of the district court's order is moot. Counsel for the defendants stated in oral argument that the Platte County Jail was demolished in October 1977.

However, this point is unclear in that both counsel also stated that at least two jail cells are still in use.

warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism. Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities.

*Procunier v. Martinez*, 416 U.S. 396, 404–05, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974) (footnote omitted). *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 125, 97 S.Ct. 2532, 2538, 53 L.Ed.2d 629 (1977); *Williams v. Edwards*, 547 F.2d 1206, 1211–12 (5th Cir. 1977); *Finney v. Arkansas Board of Correction*, 505 F.2d 194, 200 (8th Cir. 1974). We do not mean to intimate that a federal court should not discharge its duty to protect constitutional rights when a prison regulation or practice offends a fundamental constitutional guarantee. In our opinion, however, the district court ably discharged this duty by compelling the local authorities to operate the existing Platte County Jail in a constitutional manner.

We would urge the local authorities to carefully consider the 72 standards set down by the district court as appropriate guidelines in the construction and operation of a new jail. In light of the deference which should be given state authorities in the construction and operation of a new jail, we refuse to enforce the precise standards enumerated by the district court as minimum constitutional requirements.

Accordingly, that portion of the district court's final judgment and decree pertaining to the present Platte County Jail is affirmed. Furthermore, the district court may retain jurisdiction for the limited purpose of assuring that these minimum constitutional standards for the present jail are met. The district court's retention of jurisdiction for the supervision of the construction and operation of the new jail is terminated. We again reiterate that the local authorities are urged to consider the 72 standards as appropriate guidelines in the planning and construction of the new jail. We further caution that the courts cannot countenance prison conditions which offend federal constitutional guarantees.

The plaintiffs have cross-appealed on the district court's denial of their request for vocational, educational and counseling programs and contact visiting for the new Platte County Jail. The district court, rather than making the above provisions mandatory, couched them in permissive terms. In view of our discussion concerning all 72 standards, including the above provisions, which were enunciated by the district court for the new jail, we find no abuse of discretion in the court's refusal to make these provisions mandatory.

Affirmed in part and modified in part.