**Thomas Wayne HURST, Plaintiff-Appellant,**

v.

**C. Paul PHELPS, Defendant-Appellee.**

**No. 78–1095**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas Wayne Hurst, pro se.

J. Marvin Montgomery, Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for defendant-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

Appellant, an inmate at the Louisiana State Penitentiary, brought this § 1983 action for injunctive relief against the Louisiana Secretary of Corrections, alleging that he had been denied medical treatment by prison officials.

The district court referred the complaint to a magistrate, who, in accordance with procedures previously approved by the court, stayed further proceedings pending an administrative investigation. The magistrate also ordered that the Secretary be served with a copy of the complaint and that he file an administrative report within 30 days. Pursuant to the order, an administrative report and a supplemental report, both prepared by a penologist with the Louisiana Department of Corrections, were filed with the court.

Based on these reports, the magistrate made ex parte factual determinations on the merits of the claims and recommended that the case be dismissed. The district court subsequently dismissed the suit, thus relieving the defendant of his responsibility to file responsive pleadings.

As we held in *Rasberry v. Spradling,* 558 F.2d 257 (5 Cir. 1977), the procedure utilized in this case does not comport with the Federal Rules of Civil Procedure or the applicable case law. *See* Rule 8(b), Fed.R.Civ.P.; *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Appellant's complaint states that he is be-

ing denied medical treatment because prison officials have refused to take him to doctor's appointments on grounds that he is a safety risk. Reading the complaint liberally, it can be said that a claim is stated for denial of medical treatment, for such action by prison officials could result from deliberate indifference rather than accidental or inadvertent failure to provide adequate care. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *on remand,* 554 F.2d 653 (5 Cir. 1977).

VACATED and REMANDED for further proceedings in accordance with the Federal Rules of Civil Procedure.