John T. FERGUSON, Plaintiff,

v.

Sheriff Jack FLECK, Jr., Sheriff of Buchanan County, all deputies, unknown, Defendants.

No. 79–6048–CV–SJ.

United States District Court,
W. D. Missouri,
St. Joseph Division.

Nov. 20, 1979.

**220**

John T. Ferguson, pro se.

Suzanne Bocell Bradley and R. A. Brown, Jr., Brown, Douglas & Brown, St. Joseph, Mo., for defendants.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Presently before the Court are plaintiff's request for appointment of counsel to represent him in this action under 42 U.S.C. § 1983 and defendant Fleck's motion to dismiss for failure to state a claim upon which relief can be granted. Defendant's motion was filed in apparent response to Chief Judge Oliver's order of August 21, 1979, for defendant to show cause why leave to proceed in forma pauperis should not be granted unconditionally.

Plaintiff filed his complaint *pro se*, alleging that he was subjected to "cruel and inhumane treatment and conditions" while confined in the Buchanan County Jail. He details certain conditions of the jail and the occurrence of a fire which allegedly resulted in injuries to him, requiring hospitalization. Plaintiff seeks damages, both actual and punitive.

 Civil rights complaints filed *pro se* are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Defendant argues that plaintiff failed to allege any type of violation personally caused by defendant, any act or omission by defendant to allow recovery, or any legal duty or standard. When read in light of the liberal standard to be applied to this complaint at this stage of the litigation, it is ascertainable that plaintiff does allege each of the three factors which defendant emphasizes. For example, plaintiff alleges that "during the fire defendant caused the jail to be locked up and fled for a long period of time while leaving the plaintiff to almost instant death," thereby claiming personal wrongdoing on the part of defendant. This, together with statements that defendant was aware of poor jail conditions and failed to take reasonable care to avoid a fire, and that he was acting under color of law and had the authority and power to correct the conditions, would relate to the supposed failings of which plaintiff complains. While not the most

precisely drawn complaint possible, it does give the defendant adequate notice to respond and may, if proven, present a recoverable claim.

The Court does note, without making a final ruling at this time, that there may be a decisive distinction between the allegations of abandonment of plaintiff during the fire and the allegations of neglect in permitting conditions to exist which resulted in a fire.

Where injury is caused by "the condition of a public entity's property" there might well be a valid claim under Missouri law. Sec. 537.600, RSMo. A claim of simple negligence may be more successfully prosecuted in State Court. While the law is far from settled, it now seems that personal injuries from simple negligence in the maintenance of a prison can probably not be remedied by recourse to the Federal Civil Rights Act. See, however, Note, "Actionability of Negligence under Section 1983 and the Eighth Amendment," 127 U.Pa.L.Rev. 533 (1978).

█ Conditions demonstrating "deliberate indifference" to the physical needs of prisoners must be shown before sustaining a claim under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). It has been held in this district that a claim of simple negligence is not enough to keep such a suit in Federal Court. *Harvey v. Clay County Sheriff's Department*, 473 F.Supp. 741, 746 (W.D.Mo.1979). The course of the law suggests that, where specific constitutional rights have not been violated, gross negligence or recklessness by public employees is required before sustaining a Federal Civil Rights claim. See *White v. Rockford*, 529 F.2d 381, 385 (7th Cir. 1979); *Mullins v. City of River Rouge*, 338 F.Supp. 26 (E.D. Mich.1972).

█ Federal Court relief against "cruel and inhuman" local jail conditions is authorized. *Vest v. Lubbock County Commissioners Court*, 444 F.Supp. 824, 831 (N.D. Tex.1977); *Ahrens v. Thomas*, 434 F.Supp. 873 (W.D.Mo.1977), aff'd in part, mod. in part, 570 F.2d 286 (8th Cir. 1978). Civilized, humane treatment of prisoners is required. *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968), cited in *Estelle v. Gamble, supra*, 429 U.S. at 102, 97 S.Ct. 285. But mere negligence in handling prisoners or in allowing physical risks to arise in a prison context would probably "not become a constitutional violation (subject to litigation under the Federal Civil Rights Act) merely because the victim is a prisoner." *Estelle, supra*, 429 U.S. at 106, 97 S.Ct. at 292.

In another fire hazard case, it was concluded that "*severe* environment and fire hazards" constitute cruel and unusual punishment. *Battle v. Anderson*, 447 F.Supp. 516 (E.D.Okla.1977) (emphasis supplied). This is consistent with the Court's present view that plaintiff probable must show gross negligence in permitting fire hazards, before he could establish a § 1983 claim. See, however, *Hamilton v. Covington*, 445 F.Supp. 195 (W.D.Ark.1978), holding that prisoners have a constitutional right "to be reasonably safe from physical harm" and that lack of due care resulting in a fire creates a viable claim under 42 U.S.C. § 1983. While the *Hamilton* result may be desirable, as a matter of general public policy, *Hamilton* uses the Eighth Amendment to impose liability for omissions which may not "shock the conscience" as violations of "elemental decency," and thereby seems dubious as constitutional law. It will be noted, moreover, that the *Hamilton* opinion does not consider an argument that a high degree of fault may be a prerequisite to Federal Civil Rights liability in a prison conditions case.

As noted above, the high standard of proof which will probably be applied here would not likely be the test of liability in State Court.

Whether defendant personally took part in the acts and omissions alleged, and actually abandoned plaintiff with "deliberate indifference" to his needs, is not a question that can be determined on the face of the compliant. "[A] motion to dismiss is not a proper procedure to test the merits of plaintiffs' case as the plaintiffs have not had

opportunity to elaborate and adduce evidence in support of their allegations." *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 972 (8th Cir. 1978), *cert. denied*, 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748. The procedures referred to by Judge Clark in *Harvey*, 474 F.Supp. at 745, may ultimately prove dispositive in this case.

■ In civil rights litigation, the Court is not authorized to appoint counsel, but may pursuant to 28 U.S.C. § 1915, "request" an attorney to represent a party who is proceeding in forma pauperis.

The Eighth Circuit has ruled that members of the Federal bar should expect such appointments, on an infrequent basis. *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971); *Shields v. Jackson*, 570 F.2d 284 (8th Cir. 1978). Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the Court has few facilities permitting a forecast of substantial merit.

■ The instant case is not appropriate for making a request for counsel at this time. The relief sought is substantial damages. If this claim has merit, the plaintiff should probably be able to locate an attorney who would accept employment on a contingent fee basis. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss is denied, and leave to proceed in forma pauperis is granted unconditionally. It is further

ORDERED that plaintiff's request for appointment of counsel is denied. Discovery is STAYED for a period of sixty (60) days during which plaintiff should seek to employ counsel.