517 F.Supp. 1253 (1981)
William SELTZER, Plaintiff,
v.
STATE OF MISSOURI, et al., Defendants.
No. 81-394C(1).
United States District Court, E. D. Missouri, E. D.
July 14, 1981.
William Seltzer, pro se.
Steven R. Ohmer, Asst. Circuit Atty., St. Louis, Mo., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon defendants' motions to dismiss. For the reasons stated below, defendants' motions will be granted.
Plaintiff has filed this pro se complaint alleging that various federal constitutional rights have been violated by a plethora of defendants, all of whom were in some way allegedly instrumental in his indictment and conviction for assault in the first degree. More specifically, plaintiff's complaint is a long rambling account of how various Circuit Attorneys in the City of St. Louis, Circuit Judges for the City of St. Louis, and various witnesses all conspired to lie and *1254 insure that he was indicted, convicted and sentenced to twenty five years in the Missouri State penitentiary. Plaintiff details alleged arrangements made between various judicial officers, in addition to perjury committed by various State witnesses, all as evidence of the illegal nature of the proceedings which resulted in his conviction.
Although the plaintiff does request an award of damages in the amount of One Hundred and Fifty Thousand Dollars ($150,000), the subject matter of this case together with the allegations set forth in plaintiff's pro se complaint leads the Court to believe that this is merely an attack upon his State Court conviction. The sum and substance of the complaint filed asserts that various court officers, including prosecutors and witnesses for the prosecution all conspired to assist in the conviction of the plaintiff.
The facts set forth in motions to dismiss filed by various defendants apprise the Court that the conviction, which the plaintiff asserts is the result of an unconstitutional violation of his civil rights, is pending on appeal in the Missouri Court of Appeals, Eastern District (No. 43924). To the extent, then, that plaintiff's complaint is to be read as a writ for habeas corpus, 28 U.S.C. § 2254, such writ will be denied on the grounds of comity. One well known tenent of federalism is the policy against interfering with State Court proceedings. Younger v. Harris, 401 U.S. 37, 39, 91 S.Ct. 746, 748, 27 L.Ed.2d 669 (1971). Because these federal claims are pending in State Court (and because these federal claims enjoy a forum in State Court, see Thomas v. Wyrick, 622 F.2d 411 (8th Cir. 1980)), this Court cannot only refuse to proceed to an adjudication of the plaintiff's complaint, but may also dismiss the petition. Girard v. Goins, 575 F.2d 160 (8th Cir. 1978). Compare, Thomas v. Wyrick, supra.
On the other hand, if plaintiff's complaint is to be taken as a suit for damages or deprivation of civil rights pursuant to 42 U.S.C. §§ 1983 and 1985, then the cause is also correctly dismissed. Refraining from reading plaintiff's petition as seeking a writ of habeas corpus, and instead surmising that plaintiff wishes to receive monetary compensation for damage to his civil rights, plaintiff is barred by the doctrine of collateral estoppel. Prior adjudication of the merits of plaintiff's constitutional claim serves as a collateral estoppel defense to the § 1983 suit against defendants for damages. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).
Lastly, after reviewing the plaintiff's request for appointment of counsel, this Court notes that such appointment is discretionary, and hereby denies such. As a preface to Court disposition of this matter, the Court notes that the right to appear in forma pauperis, which was granted to this litigant upon commencement of this action, is wholly statutory in nature, and that any waiver fees or other such rights is a mere entitlement and extends only so far as the statute dictates. Simply stated, 28 U.S.C. § 1915 allows a waiver of certain costs, and in turn fails to waive other such costs, as is a prerogative of the United States Congress. Although members of the Bar, as officers of the Court, may be appointed counsel for pro se litigants, there is absolutely no "right" under the Constitution or statutory entitlements. Rather, this Court echoes the sentiments of Brother Sachs who stated: "The relief sought is substantial damages. If this claim has merit, the plaintiff should probably be able to locate an attorney who would accept employment on a contingent fee basis." Ferguson v. Fleck, 480 F.Supp. 219, 222 (W.D.Mo.1979). Such independent guarantees of the genuineness of purported facts is, in this Court's opinion, a reasonable and effective method by which plaintiff's meritorious claims may be adjudicated, and this Court, as well as members of the Bar, are protected from the frequent, pernicious attempts of pro se litigants to propagate vexatious and meritless litigation. Accordingly, plaintiff's motion for appointment of counsel will be denied.