Gary Raymond BUNTON, Plaintiff,

v.

Fread ENGLEMYRE, et al., Defendants.

No. CIV-2-80-195.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Jan. 16, 1981.

On Motion to Dismiss Sept. 28, 1981.

On De Novo Consideration
Dec. 30, 1981.

On Appointment of Counsel
Jan. 27, 1982.

Nat Haynes Thomas, Kingsport, Tenn., for plaintiff.

N.R. Coleman, Jr., Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

A magistrate of this District recommended, 28 U.S.C. § 636(b)(1)(B), denial of the defendants' motion for a dismissal hereof, for the failure of the plaintiff to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. No timely written objection thereto was served and filed. 28 U.S.C. § 636(b)(1). Such recommendation hereby is ACCEPTED. *Idem.*

For present purposes, it suffices to state that the plaintiff claims that, as an American citizen, he was deprived by the defendants under color of Tennessee law of his right to due process of law, Constitution, Fourteenth Amendment, by their deliberate indifference to his serious medical needs, violative of his treating physician's specific order. 42 U.S.C. § 1983. This states a claim on which relief can be granted. *Hurst v. Phelps,* C.A. 5th (1978), 579 F.2d

940, 941–942[1]. Accordingly, such motion hereby is DENIED.

The further recommendation of such magistrate, that the defendants' motion for a production of certain medical documents be treated as a request therefor, hereby is MODIFIED. Rule 35(b)(3), Federal Rules of Civil Procedure, relied on by the defendants, by its very terms contemplates that the discovery of hospital records and a report of a physician who has examined a litigant which was not ordered by the Court or conducted by agreement is not precluded by such subdivision; therefore, that the appropriate procedure is under Rule 34, Federal Rules of Civil Procedure. The latter-cited rule provides expressly that discovery shall be had by " * * * request * * * without leave of court * * *," see esp. Rule 34(b), *supra.*

" * * * The federal rules envision that discovery will be conducted by skilled [ladies and] gentlemen of the bar, without the intervention of the court. * * * The opposing self-interest of the parties, as each vies for advantage, often spawns * * * abuse of the discovery process. * * * The ultimate curtailment of abuse requires the constant vigilance of the bench and bar to insure that any conduct threatening the orderly progress of discovery proceedings is nipped in the bud, lest the efficacy of modern discovery proceedings be destroyed. * * * " *Harlem River Consum. Coop v. Associated Groc. of Harlem,* D.C.N.Y. (1972), 54 F.R.D. 551, 553.

Defendants' counsel refers by brief to " * * * Advisory Committee notes set forth at page 81 of the 1980 Edition of the Federal Rules * * * " as " * * * permitting the granting of the Order for copying medical reports requested by Motion of the defendants." This is included among: " * * * Authorities not readily available to the Court * * *," *see* local Rule 11(b) and was " * * * [not] * * * supplied to the Court * * * " in any form, *idem.* (The cumulative annual pocket part for use in 1980 to 28 U.S.C.A., title 28, rules 34 to 42, has reference to notes of the advisory committee on rules

relating to Rule 35(b)(3), *supra,* but at page 50. The purport of those notes appears to relate to discovery of medical examinations made by agreement and those which are privileged and discoverable in no other manner except under Rule 35(b)(3), *supra,* discovery of both of which may be ordered by the Court.)

Neither of these situations permit the reading of the subdivision suggested by the defendants. Here, a convicted prisoner was taken by his custodians to a hospital for examination and treatment by a physician; there was no judicial order for his examination, no examination by agreement of the litigants, and no refusal of discovery for reasons of privilege. There appears to be no viable reason why the defendants should not request of the plaintiff discovery of the resulting medical reports, unless there is extant a reason not disclosed to this Court, or why they should not institute an independent action against the hospital and examiner, (*see* Rule 34(c), Federal Rules of Civil Procedure).

For this Court to "treat" the defendants' formal motion under Rule 35(b)(3), *supra,* as such a request under Rules 34(a), (b), Federal Rules of Civil Procedure, would contribute to conduct threatening the orderly progress of discovery proceedings. To curtail such practice and assure the preservation of the efficacy of modern discovery proceedings, this Court will vigilantly "nip in the bud" any such transformation. Accordingly, the motion of the defendants for leave of the Court under Rule 35(b)(3), *supra,* is DENIED.

### ON MOTION TO DISMISS

▪ The magistrate to whom this action was referred for the holding of a pretrial conference recommended that, unless the plaintiff shows sufficient cause for his failure to attend the pretrial conference assigned for August 28, 1981, this action be dismissed involuntarily for his failure to prosecute the same, Rule 41(b), Federal Rules of Civil Procedure. Although the Court is not entirely satisfied with the explanation given by the plaintiff, it believes that sufficient cause has been shown.

In his sworn response, Mr. Bunton states he was unable to attend such conference because, on such date, he was incarcerated in the Johnson County, Tennessee jail and, prior thereto, he was hospitalized in Banner Elk, North Carolina. The plaintiff does not claim that he failed to receive notice of such conference, and he does not explain why he failed to notify the clerk of his inability to attend.

Nevertheless, it appears that the plaintiff was laboring under the mistaken impression that the Court would be made aware of his incarceration and that the conference would be held without his presence.* Under all the circumstances, and considering the fact that the plaintiff is proceeding herein *pro se,* the Court is not convinced that Mr. Bunton has engaged in a clear pattern of delay or contumacious conduct such as would justify a dismissal of this action for his failure to prosecute. *See Holt v. Pitts,* C.A. 6th (1980), 619 F.2d 558, 562[5].

The clerk will reassign this action for a pretrial conference. If the plaintiff is unable to attend such conference due to his incarceration or for any other reason, he must give timely notice thereof to the clerk. In such event, this action will not be pretried but will be assigned by the clerk forthwith for trial.

### ON DE NOVO CONSIDERATION

#### I

The Court has considered *de novo* the motion of the defendants for a summary judgment. *See* order and allowance herein of December 9, 1981. This is a *pro se* civil rights action, 42 U.S.C. § 1983, in which an inmate of the Johnson County, Tennessee

---

* Since the defendants are the Sheriff of such Johnson County and two of his deputies, it may be that the plaintiff assumed they would be present at the pretrial conference and would advise the Court of his incarceration.

The Court does not ordinarily pretry actions involving a *pro se* litigant who is incarcerated. This policy is set forth in the materials which were sent to the plaintiff at the time he was notified of the pretrial conference.

**4**

jail seeks to recover damages for the defendants' alleged denial to him of necessary medical attention.

Earlier, a magistrate of this district recommended, 28 U.S.C. § 636(b)(1)(B), that such motion be denied, because the deposition of Dr. Fred Wampler, upon which the movants relied in support thereof, does not negate the allegations of the plaintiff that, despite receiving information from a local hospital on August 17, 1980 that the plaintiff's hand was fractured; and despite the plaintiff's constant complaints of severe pain, the defendants did not return the plaintiff to Dr. Wampler (or otherwise provide him medical attention) until August 21, 1980.

The affidavits submitted recently by the defendants meet the first such allegation, but not the second. Accordingly, summary judgment remains inappropriate.

It is now uncontroverted that at no time prior to August 21, 1980 did the defendants, or anyone else at the jail, receive a telephone call from Dr. Wampler or anyone else at the hospital advising them that the plaintiff's hand was fractured or requesting that he be returned to Dr. Wampler or to the hospital. Nevertheless, the plaintiff contends, that during the 4–day period following his initial examination by Dr. Wampler, he was in severe pain; that he complained to the defendants of such pain, but despite his complaints the defendants did not return him to Dr. Wampler (or otherwise provide him medical attention) during this interval.

■ These allegations, if proven at trial, might demonstrate deliberate indifference by the defendants to Mr. Bunton's serious injury so as to amount to the deprivation of his civil rights. *See Estelle v. Gamble* (1976), 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261[10]. It is certainly true that not every request by a prisoner for medical attention must be heeded. *Westlake v. Lucas,* C.A. 6th (1976), 537 F.2d 857, 860. " * * * 'But where the circumstances are clearly sufficient to indicate the need of medical attention for injury or illness, the denial of such aid constitutes the depriva-

tion of constitutional due process.' * * * " *Idem.,* quoting from *Fitzke v. Shappell,* C.A. 6th (1972), 468 F.2d 1072, 1076.

■ That Mr. Bunton, during his various residencies at the jail, may have complained constantly of pain in various parts of his body and demanded to be taken to a doctor, is but another circumstance to be considered in this regard. " * * * Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. * * * " *Estelle v. Gamble, supra,* 429 U.S. at 105, 97 S.Ct. at 291, 50 L.Ed.2d at 260[8].

■ Whether, under all the circumstances herein, one or more of the defendants evidenced deliberate indifference to the plaintiff's serious injury is in dispute herein. The defendants have failed to meet their burden " * * * of showing *conclusively* [emphasis original] that there exists no genuine issue as to a material fact * * * " herein. *Smith v. Hudson,* C.A. 6th (1979), 600 F.2d 60, 63[4], certiorari dismissed (1979), 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415. Summary judgment, thus, is not appropriate.

The motion of the defendants for a summary judgment hereby is DENIED. Rule 56(c), Federal Rules of Civil Procedure.

II

■ Mr. Bunton moved the Court to appoint an attorney to represent him herein. " * * * In contrast to a criminal proceeding, in which the court has a duty to 'assign' counsel to represent a defendant in accordance with his [c]onstitutional right, * * * the court in a civil case has the statutory power only to 'request an attorney to represent' a person unable to employ counsel. * * * " *Reid v. Charney,* C.A. 6th (1956), 235 F.2d 47[1], quoting from 28 U.S.C. § 1915(d). This statutory power will be exercised only in exceptional cases. *Willett v. Wells,* D.C.Tenn. (1977), 469 F.Supp. 748, 751[4], affirmed C.A. 6th (1978), 595 F.2d 1227 (table).

This does not appear to be such an exceptional case. The plaintiff does not claim that he has attempted unsuccessfully to obtain the services of counsel to represent him herein.

Under the provisions of 42 U.S.C. § 1988, attorney's fees are now available to prevailing plaintiffs in actions such as this. Thus, assuming the plaintiff has a viable claim, there exists some incentive for private counsel to accept his case even though Mr. Bunton may lack the funds to retain such counsel.

Additionally, since the plaintiff contends herein that he is entitled to substantial damages, he " * * * should probably be able to locate an attorney who would accept employment on a contingent fee basis. * * " *Ferguson v. Fleck,* D.C.Mo. (1979), 480 F.Supp. 219, 222[6]. And finally, the plaintiff is doing a very good job in representing himself herein: he has successfully resisted several attempts by the defendants to secure the pretrial dismissal of this action.

There is no reason to believe that Mr. Bunton is being hampered herein by not having the services of an attorney to represent him. Therefore, the motion of the plaintiff for counsel hereby is

DENIED.

## ON APPOINTMENT OF COUNSEL

This action, for deprivation of the plaintiff-prisoner's guaranteed civil rights by the defendants, was commenced October 29, 1980 in another Division of this Court. It has been the subject of 2 reports and recommendations of a United States magistrate and 4 memoranda and orders of the undersigned judge.

Throughout the course of this litigation, the plaintiff Mr. Gary Raymond Bunton has represented his own interests without the assistance of counsel, although he requested the appointment of counsel to assist him as early as December 10, 1981. This Court denied that request on December 30, 1981, for *inter alia* the reason that Mr. Bunton himself had not attempted to obtain counsel herein. Since that time, Mr. Bunton has sought unsuccessfully to engage the services of 3 different attorneys.

The Court is now of the opinion that this has become exceptional litigation in which counsel should be requested to represent the plaintiff. The defendants are represented by highly reputable counsel whose success as an advocate in this very Court is a matter of lengthy record. Furthermore, Mr. Bunton is held in the Johnson County, Tennessee jail and immobile as time for disposition of this litigation approaches. Finally, with counsel representing Mr. Bunton, a pretrial conference can be conducted to sharpen the issues, etc. Rule 16, Federal Rules of Civil Procedure.

This Court is aggrieved sorely that a greater number of attorneys seem to feel no individualized responsibility to provide needful litigants necessary legal services, and that there is such a paucity of provision of those services by organized groups of attorneys. The sole function of officers of this Court, who are lawyers, in the administration of justice, is not confined to lawyers' enrichment; they have a further obligation to serve gratuitously to a reasonable degree as well as for generous compensation.

In the light of the foregoing, this Court and judge hereby

REQUEST

Nat Haynes Thomas, Esq., 3d floor, Downtown Professional Building, 317 Shelby Street, Kingsport, TN 37660, to represent Mr. Bunton, as a person unable to employ counsel, herein. 28 U.S.C. § 1915(d); *Reid v. Charney,* C.A. 6th (1956), 235 F.2d 47[1]. Upon his honoring of this request, the clerk will provide Mr. Thomas, Esq. with reproduced copies of the entire file herein.

Such counsel should notify the clerk of this Court when he has become prepared for a pretrial conference; it is reiterated that Mr. Bunton has served his own purposes well, *see* memoranda opinions and orders of December 30, 1981 herein, mitigating any effect of skilled counsel's entering this litigation so long after its onset.