William SELTZER, Plaintiff,

v.

George PEACH, Jim Steitz, Clayborn Jones, Lucille Jones, Charles Finley III and James Strauder, Defendants.

No. 81–394 C (1).

United States District Court,
E.D. Missouri, E.D.

Feb. 14, 1983.

William Seltzer, pro se.

Steven R. Ohmer, Asst. Circuit Atty., St. Louis, Mo., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, Chief Judge.

This matter is before the Court upon remand from the United States Court of Appeals for the Eighth Circuit. Defendant Peach and Steitz are the Circuit Attorney and former Assistant Circuit Attorney who successfully prosecuted plaintiff for assault in the Missouri state courts. Defendants Clayborn Jones, Lucille Jones, Charles Finley III and James Strauder appeared as witnesses in the state prosecution of plaintiff. The Eighth Circuit directed this Court to "examine whether any alternative grounds for dismissal exist for claims against state witnesses, and if none are found, the current civil rights action should be stayed while plaintiff's conviction is appealed." *William Seltzer v. Ashcroft,* 675 F.2d 184 at 185 (8th Cir.1982). The Court believes that grounds exist for the dismissal of all the remaining defendants.

In *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the state's case, the prosecution is immune from a civil suit for damages under § 1983." Since plaintiff's allegations against defendants Peach and Steitz stem from activities against which they are absolutely immune under *Imbler,* the complaint against Peach and Steitz must be dismissed.

The law in the Eighth Circuit is clear that witnesses are immune from civil rights suits alleging perjurious testimony. *Myers v. Bull,* 462 F.Supp. 107 (E.D.Mo. Wangelin, J.) *aff'd* 599 F.2d 863 (8th Cir.), *cert. denied* 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979). Other circuits are in accord with this view. *See e.g., Charles v. Wade,* 665 F.2d 661, 665–66 (5th Cir.1982); *Briscoe v. LaHue,* 663 F.2d 713, 719–21 (7th Cir.1981); *Burke v. Miller,* 580 F.2d 108, 109 (4th Cir.1978); *Blevins v. Ford,* 572 F.2d 1336 (9th Cir.1978); *Brawer v. Horowitz,* 535 F.2d 830, 836–37 (3rd Cir.1976). Accordingly, plaintiff's complaint, 517 F.Supp. 1253, against the above named state witnesses cannot stand.

For the above reasons, the Court finds that plaintiff's complaint against the remaining defendants is defective as a matter of law. Accordingly,

IT IS HEREBY ORDERED that plaintiff's complaint against all remaining de-

fendants be and is DISMISSED, and that this cause be and is DISMISSED for failure to state a claim.