**Donald Craig REYNOLDS, Appellant,**

v.

**Steve FOREE, Jail Superintendent, and Patrick D. Rackers, Corrections Director, Appellees.**

**No. 85–1351.**

United States Court of Appeals, Eighth Circuit.

Submitted June 7, 1985.

Decided September 5, 1985.

Donald Craig Reynolds, pro se.

Michael E. Thew, Lincoln, Neb., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Donald Craig Reynolds appeals pro se from a final judgment entered in the District Court for the District of Nebraska dismissing without prejudice his 42 U.S.C. § 1983 complaint. For reversal appellant argues that the district court abused its discretion in dismissing the complaint because of appellant's failure to appear at a pretrial conference. For the reasons discussed below, we reverse and remand.

In January 1984 appellant, an inmate at the United States Penitentiary in Lompoc, California, filed this § 1983 action in the district court alleging various violations of his constitutional rights by certain Lancaster County prison personnel while he was a pretrial detainee there for five months. Subsequently, appellant moved for appointment of counsel and a writ of habeas corpus ad testificandum. The magistrate denied the writ of habeas corpus on the grounds that plaintiffs in civil rights cases do not have any constitutional right to be present at the trial of such cases. The magistrate deferred ruling on the motion for appointment of counsel for forty days to permit appellant to file a statement of the reasons why he believed he could not represent himself in the action and a showing of a substantial but unsuccessful effort to obtain counsel. This effort to secure counsel had to be supported by letters received from private attorneys declining to represent him. On January 8, 1985, the magistrate denied the request for counsel because appellant had not made the showing required.

The magistrate subsequently scheduled trial of the case for February 1985 and a pretrial conference for January 18, 1985. Neither appellant nor an attorney on his behalf appeared at this pretrial conference. As a result, the magistrate issued an order requiring appellant to show cause why his complaint should not be dismissed. Appellant, on February 5, 1985, submitted a response which again asked that counsel be appointed, that the court issue a writ of habeas corpus ad testificandum and that his case not be dismissed. On February 8, 1985, the district court dismissed the case without prejudice. The district court stated that "if the plaintiff at some later time

is able to be in Nebraska for trial, at his own expense, he may attempt to refile the case at that time." The district court justified the dismissal on the grounds that there were no funds with which to pay counsel for indigent civil rights plaintiffs or to transport an indigent civil rights plaintiff to the state for pretrial conferences or trial, appellant had not indicated to the court when he would be released from incarceration so as to be able to appear for pretrial conference and trial, and retaining the case on the docket for an indefinite length of time would not be judicially efficient. District Court Memorandum, No. CV–84–L–13, (Feb. 8, 1985).

Appellant initially argues that the district court abused its discretion in dismissing his complaint for failure to appear at a pretrial hearing. We agree.

The Sixth Circuit in a case factually similar to this one has held that dismissing a pro se civil rights complaint because of the plaintiff's failure to appear at a preliminary hearing was an abuse of discretion. *Holt v. Pitts*, 619 F.2d 558 (6th Cir.1980). The Sixth Circuit stated:

> [t]hrough its order of dismissal, the district court created an unnecessary and unfair trap for plaintiff. In one breath, the court acknowledged the right of plaintiff, an inmate, to bring a *pro se* civil rights action under 42 U.S.C. § 1983. However, in a second breath, the court dismissed plaintiff's action when his incarceration prevented his appearance at the August 16 hearing.

*Id.* at 562. *See also Bunton v. Englemyre*, 557 F.Supp. 1, 3 (E.D.Tenn.1981) ("considering the fact that the plaintiff is proceeding herein *pro se*, the Court is not convinced that [he] has engaged in a clear pattern of delay or contumacious conduct such as would justify a dismissal....").

■ We hold that the district court abused its discretion in dismissing appellant's complaint because of appellant's failure to appear at a pretrial hearing because of his incarceration in another state. Furthermore, we note that the dismissal of this action, although without prejudice, may have the effect of a dismissal with prejudice because appellant may be incarcerated past the applicable statute of limitations period.

■ Appellant also argues that the district court erred in denying his motion for appointment of counsel because appellant failed to submit a statement in support of his motion. We agree. We hold that an indigent pro se prison litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir.1984). Even if funds are not available, "[w]e think it incumbent upon the chief judge of each district to seek the cooperation of the bar associations ... to obtain a sufficient list of attorneys practicing throughout the district so as to supply the court with competent attorneys who will serve in pro bono situations...." *Id.* at 1005. We reemphasize that the chief judge for each district must be resourceful in finding competent attorneys for pro bono or contingency basis cases by working with bar associations, establishing a pro bono expense fund or making other appropriate arrangement to assist those prisoners having a claim arising under federal statute or constitution. The district court may not shift the burden to indigent prisoners who by definition do not have the resources or other skills necessary to obtain counsel on their own.

Accordingly, we reverse the district court's dismissal of appellant's claim and remand with instructions that the district court appoint counsel in this matter and for proceedings consistent with this opinion.