798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherman BRANTON, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS FOR TENNESSEE; D.W. Harris,
Warden; and Medical Staff, East Tennessee
Reception Center, Defendants-Appellees.
 No. 85-5449.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1986.
 
 Before LIVELY, Chief Judge, and WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of plaintiff's appeal from the . district court's final order dismissing his civil rights complaint. The matter has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the parties' briefs and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a prisoner incarcerated in the Eastern Tennessee Reception Center, filed a complaint in the district court under 42 U.S.C. Sec. 1983 and the Eighth Amendment to the United States Constitution against the Tennessee Department of Corrections, the Warden of Eastern Tennessee Reception Center and the medical staff. He seeks damages for cruel and unusual punishment due to defendants' alleged deliberate indifference to his medical needs, and because the location of his confinement, due to the distance from his home, allegedly prevents him from having visitors. The district court summarily dismissed that portion of plaintiff's complaint as it pertained to the location of his confinement. The remainder of the complaint was dismissed upon defendants' motion. The court held that plaintiff failed to state a claim upon which relief can be granted against the Warden, and that no genuine issue of material fact existed as to the remaining defendants. Plaintiff appealed.
 
 
 3
 Upon consideration, this Court finds that-the district court's judgment should be affirmed. in all but one aspect. Plaintiff does not have a right to be imprisoned at a specific institution. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Plaintiff has thus failed to -state a claim against defendants upon whic4 relief can.be granted as to Count II of his complaint. The warden was not an active participant in any of the alleged wrongdoing. Hence, he cannot be held vicariously liable under the theory of respondeat superior for the alleged acts of the medical staff. See Monell v. New York City Dept. of Social Services, 436 U.S. 658 (19-78). Estelle v. Gamble, on remand, 554 F.2d 653 (5th Cir.), cert. denied, 434 U.S. 974 (1977); Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984). Moreover, this action is barred against the Tennessee Department of Corrections by the Eleventh Amendment to the United States Constitution. Quern v. Jordan, 440 u.S. 332 (1979) .
 
 
 4
 There remains one aspect of the case, a part of Count I. Plaintiff's allegations against the defendant medical staff of the Eastern Tennessee Reception Center should be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Liberally construed, the allegations could demonstrate that defendants were deliberately indifferent to plaintiff's medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Plaintiff claims a heart attack or irreparable injury as a result thereof. There is thus an issue presented, absent proof of adequate treatment by the medical defendants, that w ould survive a motion to dismiss on the pleadings as to Issue I.
 
 
 5
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed except as to the medical defendants as to Issue I. The case is remanded as to Issue I as to the medical staff only. Rule 9 (d) (3), Rules of the Sixth Circuit.