798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Hale SCHUBERT, Plaintiff-Appellant,
v.
Joe FOWLER, Sheriff of Knox County, Defendant-Appellee.
 No. 85-5421.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1986.
 
 Before LIVELY, Chief Judge and KENNEDY and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's final order dismissing his civil rights complaint. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of Sixth Circuit. Upon examination of the parties' briefs and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Tennessee state prisoner, proceeding pro se, filed a complaint in the district court under 42 U.S.C. Sec. 1983, and the Eighth Amendment to the United States Constitution, seeking damages against defendant for a personal injury sustained while incarcerated. The injury was caused due to a security guard's negligence. The district court dismissed the complaint under the doctrine of res judicata. A prior complaint, filed by plaintiff containing the same facts, had been dismissed by the district court as barred by the running of the statute of limitations. Plaintiff filed a timely notice of appeal to this Court.
 
 
 3
 Upon consideration this court affirms the district court's dismissal of plaintiff's complaint on alternate grounds. Plaintiff's complaint fails to state a federal cause of action upon which relief can be granted. Mere lack of due care, by a state official is insufficient to sustain a claim under 91983. Daniels v. Williams, 105 S.Ct. 662 (1986); see Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc). Moreover, plaintiff's allegation of defendant's deliberate indifference to his medical needs fails to sustain an action under the Eighth Amendment. See Daniels, supra; Estelle v. Gamble, 429 U.S. 97 (1976); Beebe, supra. Neither defendant sheriff, nor the State of Tennessee, can be held vicariously liable for the acts of the security guard. See Estelle v. Gamble, on remand, 554 F.2d 653 (5th Cir.), cert. denied, 434 U.S. 974 (1977); Monen v. New York City Dept. of Social Services, 436 U.S. 658 (1976).
 
 
 4
 It is therefore ORDERED that the district court's final order be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.