Donald Richard **SANDERS**, Plaintiff-Appellant,

v.

H. J. **CONINE**, Sheriff, Laramie County, Wyoming, 1968, et al., Defendants-Appellees.

No. 72–1893.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 13, 1974.

Decided Dec. 2, 1974.

---

* Honorable J. Edward Lumbard, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

Leonard H. McCain, Brighton, Colo., for plaintiff-appellant.

John F. Lynch, Cheyenne, Wyo., for defendant-appellee Conine.

Maxwell E. Osborn, Cheyenne, Wyo., for defendants-appellees Byrd, Simpson and Mutart.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In a pro se complaint plaintiff-appellant alleges that he was improperly extradited from Wyoming to Indiana and hence deprived of the rights protected by 42 U.S.C. § 1983. The specific claim is that after arrest without a warrant, and after request for a lawyer, he was never taken before a judge or magistrate as required by 3 Wyo.Stats. § 7–40 and that after Wyoming authorities received a warrant he was not taken before a court as required by § 7–36. The defendants were the Acting Governor of Wyoming, the county attorney, the county sheriff, and three Cheyenne police officers.

Without any response to the complaint, the district court dismissed the action as frivolous within the purview of 28 U.S.C. § 1915(d). On appeal we affirmed as to the Acting Governor and county attorney and remanded for further proceedings as to the other defendants.

On remand the sheriff, Conine, and the police officers, Byrd, Simpson and Mutart, moved for summary judgment with supporting affidavits. The district court again dismissed the action as frivolous. We reverse.

On the basis of a telegram from the sheriff of Montgomery County, Indiana, Simpson and Mutart arrested plaintiff in Cheyenne on July 29, 1968, and took him to the city jail. His demand for a lawyer was ignored. On August 7, sheriff Conine received a fugitive warrant from Indiana, took plaintiff into his custody, and moved him to the county jail. The Wyoming Governor signed the extradition order of August 9 and the

sheriff turned plaintiff over to Indiana authorities on August 20. In their affidavits the defendants do not deny the request for, and failure to receive, legal counsel, and do not assert that plaintiff was ever taken before a judge, magistrate or court.

■ The provisions of the Constitution for the extradition of fugitives, Art. IV, § 2, has been implemented by 18 U.S.C. § 3182. A fugitive in custody "is entitled to invoke the judgment of the judicial tribunals, whether of the state or the United States, by the writ of *habeas corpus*, upon the lawfulness of his arrest and imprisonment." Roberts v. Reilly, 116 U.S. 80, 94–95, 6 S.Ct. 291, 299, 29 L.Ed. 544. See also Robb v. Connolly, 111 U.S. 624, 629, 4 S.Ct. 544, 28 L.Ed. 542 and Appleyard v. Massachusetts, 203 U.S. 222, 228, 27 S.Ct. 122, 51 L.Ed. 161. In a habeas proceeding the inquiry is limited to a question of law as to the proper form of the papers and a question of fact as to fugitive status. See Biddinger v. Commissioner of Police of City of New York, 245 U.S. 128, 135, 38 S.Ct. 41, 62 L.Ed. 193; Brewer v. Goff, 10 Cir., 138 F.2d 710, 711–712; Bruzaud v. Matthews, 93 U.S. App.D.C. 47, 207 F.2d 25, 26; and Smith v. State of Idaho, 9 Cir., 373 F.2d 149, 155.

The Wyoming version of the Uniform Extradition Act provides, 3 Wyo.Stats. § 7–40, that a person arrested without warrant upon reasonable information that he is charged in courts of another state for specified offenses "must be taken before a judge or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for arrest." This provision was ignored.

Section 7–36 covers arrest under a fugitive warrant and requires that the accused must be informed of the right to legal counsel and if he or his counsel wish to challenge the arrest, the accused shall be taken before a court of record which shall fix a reasonable time for a habeas application. Plaintiff requested counsel shortly after the arrest without warrant and none was furnished. No ad-vice of right to counsel was given after the arrest under the warrant. Plaintiff was never taken before any judicial officer. Section 7–37 provides that if an officer delivers a prisoner to an agent of the requesting state without compliance with § 7–36, he is guilty of a misdemeanor.

■ The argument of defense counsel that the extradition statutes are based on comity and are solely for the benefit of the states is not worthy of serious notice. The requirement that a person arrested as a fugitive be advised of his right to counsel and be taken before a court patently benefits the prisoner, not the state. See Pierson v. Grant, N.D.Iowa, 357 F.Supp. 397, 398. The power to extradite arises under the federal Constitution and statutes. In Wyoming the procedure for extradition is governed by state law. A prisoner has the right to test the proceedings by habeas corpus with the issues limited as noted above. A complaint which charges abuse of the extradition power by noncompliance with applicable law states a claim under 42 U.S.C. § 1983 and may not be dismissed summarily as frivolous.

Reversed and remanded for further proceedings.