Charles H. SHIELDS,
Plaintiff-Appellant,

v.

Joseph S. HOPPER, Warden, Georgia State Prison, State of Georgia, et al.,
Defendants-Appellees.

No. 75–2228
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1975.

---

\* Rule 18, 5 Cir., See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

**1132**

Charles H. Shields, pro se.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

In the instant action Charles H. Shields sought declaratory and injunctive relief and damages under 42 U.S.C. § 1983 alleging that his transfer to the state penitentiary and his assignment to a prisoner work status there violated his federal constitutional rights. The district court dismissed his complaint on the ground that it failed to raise any substantial constitutional question. The present appeal challenges this dismissal and asserts that his confinement and work detail violate the terms of a state court writ of habeas corpus.

In November, 1972, plaintiff-appellant Charles H. Shields was convicted in a Georgia court of voluntary manslaughter. He pursued a direct appeal from his conviction. That appeal is now pending before the Supreme Court of Georgia. After his conviction, Shields was transferred from the Fulton County jail to the Georgia Diagnostic and Classification Center at Jackson, Georgia, and subsequently to the Georgia State Prison at Reidsville, where he was assigned to work as a regular prisoner.

Shields alleged that the transfer to the prison at Reidsville moved him 250 miles from the Fulton County court in which he was convicted, which is well outside "commuter distance" and violates Georgia law. Ga.Code Ann., Tit. 77, §§ 338–41 (1973 and Supp.1974). He asserted that the transfer prevented him from assisting his attorney in the preparation of his appeal and that neither he nor his attorney requested the transfer. While these allegations are plainly adequate to support a state cause of action, they are not sufficient to charge a violation of the federal constitution. The claim that state officials have failed to follow the procedural provisions of state law, without more, does not aver a cause of action under § 1983. *McDowell v. Texas,* 465 F.2d 1342 (5th Cir. en banc 1972). The claim that the transfer has made his exercise of the right to appeal more difficult by preventing his assistance to his attorney also falls short of the mark. In the absence of any allegation that the burden imposed has the effect of depriving him of the effective assistance of counsel, *see, e. g., Sanders v. Conine,* 506 F.2d 530 (10th Cir. 1974), or denying him the right to appeal, Shields has not stated a cause of action in this forum.

The allegations that assigning Shields to a regular prisoner work detail amounts either to cruel and unusual punishment or deprivation of due process of law also fail the test. No claim is made that the assignment is to other than ordinary prisoner tasks. They are not asserted to be "base, inhuman [or] barbaric." The charge made does not claim an Eighth Amendment wrong. *See generally Novak v. Beto,* 453 F.2d 661 (5th Cir. 1971), *cert. denied,* 409 U.S. 968, 93 S.Ct. 279, 34 L.Ed.2d 233 (1972). Similar to the transfer claim, the possibility that Shields' work assignment may amount to a classification error under Georgia law is a question for resolution in the Georgia, not the federal, court system.

In his briefs in this court, Shields asserts that he filed a writ of habeas corpus in the Superior Court of Tattnall

County, Georgia, seeking transfer back to the jurisdiction of conviction (Fulton County) and relief from his work assignment; that the writ was granted April 10, 1975 (subsequent to the district court order here on appeal); and that he is nevertheless still incarcerated in Reidsville and forced to work, in direct contravention of the Tattnall County Court order. This serious charge is not cognizable here for two reasons. First, it has not been presented to the district court. Second, and more importantly, it has not been presented to the Tattnall County Court whose order allegedly has been contempted.

The order of dismissal appealed from is affirmed without prejudice to Shields' right to pursue the rights established under the order of the Tattnall County Court.