**Arnold DUCKETT, Plaintiff,**

**v.**

**Benjamin WARD, Commissioner, N.Y. States Department of Correctional Services, O'Mara, Superintendent, Wallkill Correctional Facility, W. Zelinski, Capt., Wallkill Correctional Facility, Dunn, Sergeant, Wallkill Correctional Facility, Defendants.**

**No. 78 Civ. 1405 (KTD).**

United States District Court,
S. D. New York.

Sept. 19, 1978.

Arnold Duckett, plaintiff pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendants; Clement H. Berne, Deputy Asst. Atty. Gen., New York City, of counsel.

OPINION

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, Arnold Duckett, is presently an inmate at New York's Clinton Correctional Facility. He brings this Civil Rights Action, *pro se*, pursuant to section 1983 of the Civil Rights Act (42 U.S.C. § 1983), against Benjamin Ward, Commissioner of New York's Correctional Facilities; Superintendent O'Mara of the Wallkill Correctional Facility; Sergeant Dunn and Captain Zelinski also of the Wallkill Facility. Plaintiff alleges that in the course of disciplinary proceedings, arising from his alleged possession of marijuana and culminating in his loss of six months of good time and his transfer from a minimum to a maximum security facility, he was deprived of his right to due process. As a result, plaintiff seeks a declaration that defendants' actions were unconstitutional; damages resulting from the alleged infringements; restoration of his good time; and a transfer back to a minimum security facility. Jurisdiction is alleged under 28 U.S.C. §§ 1343, 2201–02.

Plaintiff arrived at Wallkill in May of 1976. Wallkill is one of New York's minimum security facilities, and consequently, the inmates enjoy certain privileges, such as furloughs and educational releases, not available at the maximum security facilities. Indeed, plaintiff had the advantage of these programs while at Wallkill.

Upon his arrival plaintiff was assigned to work in the Wallkill laundry. In early December, while working, he was instructed to accompany Sergeants Dunn and Shields to the hospital whereupon he was fully searched. He was then interrogated by Captain Zelinski and told that he had been accused of possessing marijuana within the facility. At this time plaintiff's cell was also searched. It appears from the papers before me that no marijuana was found either in plaintiff's cell or on his person.

Subsequent to these searches, plaintiff was brought before the Wallkill Adjustment Committee. The Department of Correction regulations, set forth in 7 N.Y.C.R.R. § 252 *et seq.*, provide for the establishment of this Committee with the stated purpose of ascertaining all the facts, circumstances and underlying causes of inmate misconduct. 7 N.Y.C.R.R. § 252.2(a), (b). Plaintiff alleges, however, that despite his protestations and assertions of innocence, the Committee refused to investigate the alleged incident or to interview witnesses on his behalf.

Plaintiff next appeared before defendant Zelinski at a Superintendent's Proceeding pursuant to section 253 of the Correctional Services Regulations. The regulations provide in pertinent part:

(a) The person appointed to conduct the proceeding shall designate an employee to furnish assistance to the inmate. Such employee shall be of the inmate's choice selected from a list of available employees established by the superintendent, or any other employee upon approval of the superintendent. 7 N.Y.C.R.R. § 253.-3(a).

Plaintiff alleges, however, that Sergeant Shields, one of the officers who searched him at Wallkill, was chosen, over his objections and without his consent, by Captain Zelinski to assist him at this proceeding. At the conclusion of this proceeding, Captain Zelinski imposed a six month loss of good time and recommended that plaintiff be transferred to a maximum security facility. Thereafter, plaintiff was transferred to Clinton, a maximum security facility.

Plaintiff has two claims of constitutional proportions both grounded in the Due Process clause. Plaintiff charges that the enforcement of Wallkill's rules and regulations without first supplying the inmates

with copies thereof, as well as the potential disciplinary exposure for violations, deprived the inmates of due process. Plaintiff's second claim charges that the procedures employed in the Adjustment and Superintendent's proceedings were so highly prejudicial to the presentation of his case as to deprive him of procedural due process.

Defendants move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint on the grounds that this Court lacks jurisdiction over the subject matter of this case and that plaintiff has failed to state a claim upon which relief can be granted.

The thrust of the defendants' argument is that plaintiff's civil rights claims are so vague and conclusory that they fail to state a claim justifying remedial action. Accordingly, since a valid constitutional claim does not exist, this Court lacks jurisdiction to entertain the instant suit.

The balance of defendants' argument runs to the monetary damages sought by plaintiff as a result of the alleged constitutional infringement. Defendants argue that before damages may be awarded in a civil rights case, the plaintiff must demonstrate the direct personal involvement of each defendant. It is asserted that at least as to defendant Ward, plaintiff has failed to do so and, therefore, any claim for damages should be dismissed as to him.

■ It is well settled that pleadings under the Federal Rules are to be liberally construed. 2A J. Moore, Federal Practice ¶ 12.08, at 2275 (3d ed. 1975). Moreover, a *pro se* complaint is to be held to even less stringent standards. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Thus, unless it can be said with assurance that, under the allegations of the *pro se* complaint before me "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" the complaint must survive the instant motion.[1] *Id.* at 520–21, 92 S.Ct. at 596. Applying this doctrine, I now look to the sufficiency of plaintiff's complaint.

■ Plaintiff's first allegation focuses upon the failure to provide inmates with Wallkill's rules, regulations and penalties for violations thereof. Defendants do not contest that the rules were not supplied to plaintiff but rather focus upon plaintiff's failure to allege that he was in fact unaware that possession of marijuana was violative of prison rules. They argue that this defect precludes plaintiff's claim from reaching constitutional proportions. I disagree.

Whether plaintiff knew that possession of marijuana was against prison rules is not the crucial issue. Rather, it is plaintiff's lack of notice as to the potential disciplinary exposure for violating this rule that is at the heart of the complaint. Indeed, it has been held that the failure to provide inmates with copies of the rules of the jail and the penalties for their violation gives rise to a section 1983 action. *Jones v. Wittenberg*, 330 S.Supp. 707, 720 (N.D.Ohio 1971) *aff'd* 456 F.2d 854 (6th Cir. 1972). *See also Martinez v. Jimenez*, 409 F.Supp. 582, 594–95 (D.P.R.) *aff'd* 537 F.2d 1 (1st Cir. 1976). In fact recently, in *Moore v. Janing*, 427 F.Supp. 567 (D.Neb.1976), prior notification was deemed indispensable for the enforcement of prison rules and regulations to conform with due process. *Id.* at 577.

Assuming as I must, for purposes of this motion, the truth of plaintiff's allegations, he has pleaded facts sufficient in his first claim to withstand the instant motion.

Plaintiff's second claim focuses upon the disciplinary proceedings which followed his alleged misconduct. He alleges that these proceedings did not comport with the requirements of due process. Defendants attack these allegations also as too vague and conclusory to give rise to a constitutional claim. Again I disagree.

---

1. Where a defendant attacks a plaintiff's complaint as vague and conclusory, the better attack is one based not on a motion to dismiss, but rather a motion for a more definite statement. *See* 2A J. Moore, Federal Practice ¶ 12.-08, at 2275–85 & n.8 (3d ed. 1975).

It is apparent from plaintiff's complaint that he has isolated two specific occurrences in these disciplinary proceedings as the essence of his due process claim. Initially he focuses upon the failure of the Adjustment Committee to investigate the incident involving the marijuana and to question witnesses who would testify on plaintiff's behalf. He goes on to allege that the Superintendent's Proceeding was improper as a result of Captain Zelinski appointing Sergeant Shields to assist the plaintiff over his objections and without his consent.

■ The failure of the Adjustment Committee to fully investigate an alleged incident of misconduct is in direct contravention of established correctional regulations. See 7 N.Y.C.R.R. § 252.2. So too is the appointment of a prison employee at the Superintendent's Proceeding without first obtaining the inmate's consent. Id. at § 253.3. More importantly, however, where such established procedural guidelines have been violated by prison officials, Courts have recognized a constitutional claim justifying remedial action. See, e. g., Lathrop v. Brewer, 340 F.Supp. 873, 881–82 (S.D.Iowa 1972). Again I am compelled to assume the truth of plaintiff's allegations for purposes of the instant motion. Accordingly, plaintiff's second claim survives defendants' motion to dismiss.

■ Defendants' final argument concerns only defendant Ward and only the question as to whether monetary damages may be sought. It is argued that while defendant Ward, as the Commissioner of Correctional Services, was indeed responsible for the actions of Superintendent O'Mara, Captain Zelinski and Sergeant Dunn, under the doctrine of respondeat superior, this doctrine alone will not support an award of damages in a civil rights action. Rather, it must be demonstrated that defendant Ward was directly involved in the alleged unconstitutional activity for him to respond in damages. See, e. g., McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). This is indeed a valid statement of the law. It is equally true, however, that where a prison official is "aware" of the unconstitutional activities of those subject to his authority, the ultimate responsibility for permitting these actions is squarely his. Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

It is evident from plaintiff's complaint that he is not relying solely upon the doctrine of respondeat superior to make out his claim for an award of damages against defendant Ward. Indeed, plaintiff has annexed to his pleadings a letter he wrote to Commissioner Ward in December 1976. This letter sets out the facts underlying plaintiff's alleged mistreatment. It would appear, therefore, that defendant Ward was sufficiently aware of the alleged unconstitutional behavior of the prison employees to place responsibility thereof, at least at this state of the proceeding, upon him. Johnson v. Glick, supra, 481 F.2d at 1034.

■ Going beyond defendants' motion, I now address a jurisdictional defect found in plaintiff's complaint. Plaintiff seeks, in addition to monetary, declaratory and injunctive relief, the restoration of the six months of good time taken from him as a result of his alleged misconduct. Such a restoration would effect the duration of plaintiff's incarceration. It is now settled, however, that in order to obtain restoration of good time, thereby effecting the period of incarceration, a prisoner's "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Thus, since a 1983 suit is not a permissible alternative to a writ of habeas corpus, I am without jurisdiction to entertain that portion of the action which seeks restoration of plaintiff's time.

Accordingly, defendants' motion to dismiss the entire complaint is denied except that plaintiff's request for restoration of good time is dismissed.

IT IS SO ORDERED.