Willie R. MANNING, Appellant,

v.

A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Correction, Appellee.

No. 79–1354.

United States Court of Appeals, Eighth Circuit.

Submitted June 23, 1980.

Decided June 26, 1980.

Willie R. Manning, pro se.

Steve Clark, Atty. Gen., and Darrell F. Brown, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Willie R. Manning, an inmate at the Cummins Unit of the Arkansas Department of Corrections, appeals the dismissal by the District Court for the Eastern District of Arkansas of his civil rights claim pursuant to 42 U.S.C. § 1983. For the reasons indicated below, we reverse.

The events pertinent to Manning's claim date to 1976, when Warden A. L. Lockhart assigned Manning to work at the State Police Headquarters in Little Rock on an assignment similar to work release. On July 4, 1976, a burglary occurred in Little Rock and Manning was suspected of committing the crime. He was returned to the Cummins Unit pending investigation and was interviewed by Warden Lockhart on July 9, 1976, regarding the matter.

Appellant's complaint alleged that during this interview Warden Lockhart handcuffed him and then beat him with a stick for one hour and forty minutes after saying, "Nigger, you are lying to me and I'll get the truth out of you if I have to beat you a year and a day." Although no confession issued from this alleged incident, appellant was subsequently convicted of the burglary and sentenced to a term of two years.

In December, 1976, appellant proceeding *pro se* filed a Pauper's Writ of Habeas Corpus, which was construed by the district court as a petition for relief under 42 U.S.C. § 1983 because of the nature of his allegations. Manning's complaint included the allegation that he had been beaten by Warden Lockhart, that he had subsequently suffered from lack of medical attention, that he was improperly charged with burglary and theft, and that he had not received promised payment for his work at State Police Headquarters. He requested and was denied the appointment of counsel in this case.

Trial to the district court followed, with the result that the district court in a lengthy Memorandum and Order dismissed the medical care claim pursuant to Fed. R. Civ. P. 41(b), and the allegation of beating as not borne out by the evidence. In this appeal, Manning renews most of the allegations[1] presented to the district court. For the reasons indicated below, most of his claims are not properly before the Court. However, we reach the issues of the alleged beating and the appointment of counsel, reversing the judgment of the district court on these matters.

■ Because appellant has to this point proceeded *pro se*, we have examined the record to determine whether his allegations provide a basis for relief on any possible theory. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 598, 30 L.Ed.2d 652 (1972); *White v. Bloom*, 621 F.2d 276 (8th Cir. 1980). Even the principle of liberal construction, however, does not allow us to consider the denial of parole, a matter which was first mentioned on appeal and

which occurred after the termination of this action in district court. We can properly consider only the record and facts considered in the district court. Fed. R. App. P. 10(a); *Shields v. Hopper*, 519 F.2d 1131 (5th Cir. 1975); *Tanner v. United States*, 401 F.2d 281, 288 (8th Cir. 1968), *cert. denied*, 393 U.S. 1109, 89 S.Ct. 922, 21 L.Ed.2d 806 (1969).

■ Manning's claim that he was wrongly charged with burglary and theft on the basis of inmates' speculation is also not cognizable. Although this claim was presented to the district court, that court correctly did not take up the matter. If appellant wishes to contest the sufficiency of the evidence supporting his burglary conviction, he must do so by direct appeal of the conviction in the Arkansas courts. Ark. Stat. Ann. § 43–2701 (1977 Repl.).

■ Appellant also fails to raise a cognizable claim in protesting the non-payment of wages for his work at State Police Headquarters. Construed as a breach of contract claim, the allegation is not one of constitutional dimension. Characterized as a claim of unconstitutional deprivation of property or other fundamental right, the claim again warrants no relief. *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968), *cert. denied*, 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969) (prisoner has no constitutional right to be paid for his prison labor and such compensation is by grace of the state).

A closer issue on which we reach the merits is Manning's allegation that he was beaten by Warden Lockhart. Manning testified that he was beaten about the body and head for an hour and forty minutes; that the incident took place shortly before midnight; that he was alone with Warden Lockhart in the Warden's office; and that he was handcuffed throughout the incident. The government offered the rebuttal testimony of the Warden, who testified that Manning was interviewed without handcuffs shortly after 6:00 p. m. on July 9,

---

1. Manning does not raise the claim of inadequate medical treatment on this appeal.

1976, that no physical force was involved, and that Assistant Warden M. J. Hawke was also present in the room.

At the close of this testimony, government counsel offered into evidence the affidavits of Assistant Warden Hawke and Classification Officer Gary I. Duke, stating that Hawke could not be located although he was known to be somewhere in Texas, and that affiant Duke "ha[d] been unavailable for the last three days." The affidavits, which supported Warden Lockhart's testimony, were admitted into evidence. The court simultaneously refused Manning's request that fellow inmate Willie Gray be subpoenaed in his behalf, although the court stated that the record could show Gray's testimony to be that the interview took place at the time claimed by Manning.

■ Because this case turned on the credibility of Lockhart and Manning, the admission of the government's affidavits and the simultaneous failure to call Gray were certainly significant. Review of the record convinces us that the district court erred in both respects.

There is no question that oral testimony is the preferred form of testimonial evidence, and that testimony by deposition or affidavit should be used as a substitute only if a witness is not available to testify in person. *Salsman v. Witt*, 466 F.2d 76, 79 (10th Cir. 1972); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2142, at 449 n.7 (1970). Rule 32(a) of the Federal Rules of Civil Procedure permits the deposition of a witness to be used in lieu of live testimony, but only if certain conditions are met and only with "due regard to the importance of presenting the testimony of witnesses orally in open court." Fed. R. Civ. P. 32(a).

In the present case, the government laid a minimal foundation for the admission of Assistant Warden Hawke's affidavit by informing the court that Hawke was somewhere in Texas. Accordingly, Hawke's af-

fidavit may have been admissible because he was at a greater distance than 100 miles from the place of trial. Fed. R. Civ. P. 32(a)(3)(B). We are not told, however, whether the government attempted seriously to locate Hawke. Moreover, because Manning appeared *pro se*, his interest in securing the live testimony of Hawke, including cross-examination, was not argued to the court or forcefully represented.

As for the affidavit of Gary Duke, the government made no showing that he was beyond the subpoena power of the court or that his attendance had been sought by subpoena. The record shows that none of the other conditions were met for admission of the affidavit under Rule 32(a)(3), Fed. R. Civ. P.

We further note that Rule 32 authorizes the admission of testimony by deposition, but only in circumstances where the adverse party was present for the taking of the deposition or had reasonable notice thereof. Fed. R. Civ. P. 32(a). Here, the government's affidavit testimony appears to have been especially prejudicial because Manning apparently had little or no opportunity to challenge the affiants' statements.[2] In these circumstances, we find that the district court erred in admitting the affidavit testimony of Assistant Warden Hawke and Officer Duke.

■ We also hold that the court erred in refusing to issue a subpoena to compel the appearance of inmate Willie Gray. We acknowledge the trial court's discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings. *Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1958); *Broome v. Simon*, 255 F.Supp. 434, 437 (W.D.La.1965). However, while recognizing that refusal of subpoena is generally not reviewable in the absence of an abuse of discretion, *Reid v. Charney*, 235 F.2d 47, 48 (6th Cir. 1956), we are convinced here that the court misrepresented the situation in

---

**2.** In offering the affidavits, counsel for the government stated that Manning "ha[d] been given the procedural rights as are guaranteed under the Federal Rules of Civil Procedure."

This statement was unchallenged by Manning and unexamined by the court. Consequently, the extent of Manning's opportunity to challenge the affidavits is not entirely clear to us.

stating that Gray, if called, would only testify to the time of Manning's interview with Warden Lockhart. It is clear from the transcript that Gray would have testified to Manning's physical appearance before the interview and possibly to his bloody appearance after the interview. The refusal of such important testimony for the plaintiff constitutes an abuse of discretion.

For the foregoing reasons, and in view of the history of civil rights litigation involving the Arkansas prison system, *see Monk v. Lockhart*, 605 F.2d 1210, No. 79–1300, slip op. at 3 nn.2 & 3 (8th Cir. Sept. 20, 1979), we reverse as to the dismissal of that portion of appellant's petition which alleged a beating on July 9, 1976.

Although we do not endorse the appointment of counsel in every § 1983 case filed by a state prisoner, *see Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971), we feel that the appointment of counsel is appropriate here, where there is a question of credibility of witnesses and where the case presents serious allegations of fact which are not facially frivolous. Accordingly, the case is remanded to the district court for a new trial with directions to that court to appoint counsel for appellant Manning pursuant to 28 U.S.C. § 1915(d).

Accordingly, the judgment of the district court is reversed and remanded with directions.