**Anthony FRANCIOTTI, Plaintiff,**

v.

**Corrections Officer R. A. REYNOLDS, Defendant.**

**No. 81 Civ. 7566.**

United States District Court, S.D. New York.

Nov. 3, 1982.

Anthony Franciotti, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City, for defendant; Alan Adolf, Asst. Atty. Gen., New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff pro se, Anthony Franciotti, is an inmate in the Downstate Correctional Center in Fishkill, New York ("Downstate"). He brings this action under 42 U.S.C., section 1983, and alleges that defendant, R.A. Reynolds, a corrections officer at Down-

state, "arbitrarily imposed sanctions against plaintiff premised upon rules and regulations that are not published, posted and noticed" as required by state law. Plaintiff seeks an order compelling defendant to post and publish said rules and regulations, an order enjoining defendant from further sanctioning plaintiff until said rules and regulations are posted and published, and monetary damages for "suffering and losses" in the amount of $500. Jurisdiction is grounded in 28 U.S.C., sections 1331 and 1343. Plaintiff has moved for summary judgment. Defendant has cross-moved to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted.

The sanctions imposed by defendant upon plaintiff on which plaintiff's claims are based, consisted of defendant ordering plaintiff to:

> Tell your visitors not to talk to other visitors; Keep both feet on the floor; Don't wave good-bye to other visitors in the room; Do not speak to your visitor any place in the room except at your assigned table; Children of other visitors [are] not permitted by your table; And a myriad of other summary sanctions.[1]

Plaintiff alleges that these "summary sanctions" denied him the "right to participate in the programming of visitation for the benefit of rehabilitation."[2] Plaintiff also refers to a June 9, 1982 incident in which he was denied twenty-five recreation days by the prison Adjustment Committee. This sanction resulted from a misbehavior report filed against plaintiff by defendant in which plaintiff was accused of using abusive language and of harassing a prison employee. Plaintiff claims that he was unaware of prison rules proscribing such conduct, as such rules are not posted, published or noticed. Plaintiff further charges that the imposition of this sanction, as well as those described above, is impermissible under New York law, which provides that:

> No inmate shall be disciplined except for a violation of a published and posted written rule or regulation, a copy of which has been provided the inmate.[3]

In order to state a claim under 42 U.S.C., section 1983, it must appear that a person caused injury to the plaintiff by abridging a "right, privilege, or immunit[y] secured by the Constitution and laws." No such interest has been abridged here. Aside, perhaps, from the deprivation of recreation days, which we will address below, plaintiff has not been deprived of any constitutionally protected right or interest. The conduct challenged here merely consisted of warnings to plaintiff to refrain from engaging in proscribed conduct. Warnings and verbal reprimands alone are not actionable under section 1983. Indeed, even "verbal harassment and profanity ... [would not constitute an] invasion of any federally protected right."[4] That the regulations and rules proscribing the conduct were not posted or published does not alter this conclusion. A failure to follow the "procedural provisions of state law, without more, does not aver a cause of action under § 1983."[5]

1. Plaintiff's Brief in Opposition at 4. Plaintiff also charges that defendant sanctioned him in other ways, such as by staring at him for extended periods of time, and by "face mimicking" him.

2. Plaintiff further claims that his "right to rehabilitative programming" was also abridged.

3. N.Y. Correct. Law § 138(5) (McKinney Supp. 1981).

4. *Coyle v. Hughs,* 436 F.Supp. 591, 593 (W.D. Okl.1977). *See also Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (per curiam); *Freeman v. Trudell,* 497 F.Supp. 481, 482 (E.D.Mich. 1980); *Boston v. Stanton,* 450 F.Supp. 1049, 1054–56 (W.D.Mo.1978); *Jones v. Superintendent,* 370 F.Supp. 488, 491 (W.D.Va.1974). *Cf. Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) (limiting actionable conduct to physical beatings and arbitrary and capricious confinement).

5. *Martin v. Blackburn,* 581 F.2d 94, 94 (5th Cir.1978) (per curiam) (quoting *Shields v. Hopper,* 519 F.2d 1131, 1132 (5th Cir.1975)). *See also McDowell v. Texas,* 465 F.2d 1342 (5th Cir.1971), *cert. denied,* 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1973).

The Court is aware that some courts have concluded that "the failure to provide inmates with copies of the rules of the jail and the penalties for their violation gives rise to a sec-

It is unnecessary to reach the merits of plaintiff's claim as regards his loss of recreation days. Even if such a loss would amount to an abridgement of a federally protected interest,[6] it is clear that the defendant cannot be held liable for any resulting injury. Defendant's conduct was limited to filing a misbehavior report. The decision to sanction plaintiff was made by the prison Adjustment Committee, and it is not before this Court.[7] The Committee, not defendant, is responsible for that determination.

Accordingly, plaintiff's motion for summary judgment is denied, and defendant's motion to dismiss is granted.

So ordered.

---

tion 1983 claim." *Duckett v. Ward,* 458 F.Supp. 624, 626 (S.D.N.Y.1978). *See also Moore v. Janing,* 427 F.Supp. 567, 577 (D.Neb. 1976); *Jones v. Wittenberg,* 330 F.Supp. 707, 720 (N.D.Ohio 1971), *aff'd, Jones v. Metzger,* 456 F.2d 854 (6th Cir.1972). Here, however, the "enforcement" of the unpublished rules did not infringe upon a protected right or interest.

6. *Cf. Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Prieser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). *See also Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976);

*Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

7. For similar reasons, this Court does not reach the merits of plaintiff's request for an order compelling compliance with N.Y. Correct. Law § 138(5). That request lies, if at all, against the State of New York and the New York Department of Correctional Services—as they, not defendant, are responsible for the alleged failure to properly post, publish and notice inmate rules and regulations. Aff. of Alan Adolph, Assistant Attorney General, ¶ 9 (June 8, 1982).