Robert J. SMITH, Plaintiff,

v.

Richard LAMM, Governor of the State of Colorado, and Terry Branstad, Governor of the State of Iowa, Defendants.

No. Civ. A. 85-C-2639.

United States District Court,
D. Colorado.

March 12, 1986.

Robert J. Smith, pro se.

Richard K. Rediger, Hall & Evans, R. Lamm, Charles E. Norton, Charles B. Hecht, Calkins, Kramer, Grimshaw & Harring, T. Branstads, for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff, presently incarcerated in the Denver County Jail, Denver, Colorado, brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was extradited from Iowa to Colorado. Specifically, the plaintiff contends that he was not taken before a judge in Iowa, prior to extradition, and advised of the crime charged against him, the demand for his surrender, his right to counsel and that he could challenge his arrest by filing a petition for writ of habeas corpus. Both Colorado and Iowa are parties to the Uniform Criminal Extradition Act which mandates a pre-extradition hearing. Iowa Code §§ 820.1 *et seq.* (1985); Col.Rev.Stat. §§ 16-19-101 *et seq.* (1973).

the evidence adduced by the claimant was mini-    mal.

Plaintiff seeks dismissal of the Colorado charges, his release from confinement, an injunction enjoining further illegal extradition arrests, expungement of his arrest records, $1,500,000 compensatory damages and $750,000 punitive damages. Plaintiff has filed a motion for appointment of counsel in which he asserts, *inter alia,* that he has access to the law library at the Denver County jail.

Pursuant to 28 U.S.C. § 1915(d), the court may appoint counsel to assist a plaintiff appearing *pro se.* The action may be dismissed, however, if the allegation of poverty is untrue or if the court is satisfied that the action is frivolous or malicious.

The Governors of the States of Iowa and Colorado are named as defendants. Both of the defendants have filed motions to dismiss on the grounds that the plaintiff has failed to state a claim upon which relief can be granted and that they are immune from suit.

A prisoner who contends that he has been denied a pretransfer hearing may assert a claim alleging improper extradition under 42 U.S.C. § 1983. *Brown v. Nutsch,* 619 F.2d 758, 764 (8th Cir.1980). Officials of the demanding state, however, have no duty to ensure that a pre-extradition hearing is held in the asylum state. *McBride v. Soos,* 679 F.2d 1223 (7th Cir.1982). Since the plaintiff here does not contend that the Governor of Colorado either caused or participated in the alleged deprivation, the plaintiff does not appear to have stated a viable claim against that party upon which relief can be granted.

A Virginia district court recently held that the governor of the asylum state performs a judicial function when he acts on an extradition request. *Arebaugh v. Dalton,* 600 F.Supp. 1345, 1350 (E.D.Va. 1985) (extradition proceedings under the Interstate Agreement on Detainers). The governor of the asylum state must

make factual findings and legal conclusions following specific inquiries prior to granting extradition. First, he must determine whether the accused has been charged with a crime under the laws of the demanding State and second, whether the accused was within the demanding State at the time of the offense.

*Id.* at 1350.

The district court in *Arebaugh* held that the governor of the asylum state is absolutely immune in carrying out his extradition functions. The grant of extradition by the governor of the asylum state is prima facie evidence that the constitutional and statutory requirements for extradition have been met. *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).

In a case somewhat similar to the one at bar, the Tenth Circuit dismissed as frivolous, within the purview of 28 U.S.C. § 1915(d), a claim against the acting governor of Wyoming based on the failure to provide the appellant with a pre-extradition hearing. *Sanders v. Conine,* 506 F.2d 530, 531 (10th Cir.1974).

Plaintiff here makes no claim that the Governor of Iowa failed to perform his statutory duties in acting on Colorado's extradition request. Thus, Governor Branstad appears to be immune from liability regarding the alleged failure by appropriate officials to provide the plaintiff with a pre-extradition hearing in Iowa.

The appointment of counsel is within my discretion under § 1915(d). Plaintiff's motion may be denied if the action appears to be frivolous and the plaintiff has access to a law library at the institution where he is incarcerated. *Mingo v. Patterson,* 455 F.Supp. 1358, 1361 (D.Colo. 1978); *Sanders v. Conine, supra;* 28 U.S.C. § 1915(d). I conclude that the plaintiff's action appears to be frivolous. He admits that he has access to the Denver county jail library. I therefore decline to appoint counsel to represent him.

Accordingly,

Plaintiff's motion for appointment of counsel is denied.