Edward HOLTON, Plaintiff,

v.

Dallan FIELDS, Cabell County Jail Administrator, Defendant.

Civ. A. No. 3:86–0820.

United States District Court,
S.D. West Virginia,
Huntington Division.

July 24, 1986.

Edward Holton, Huntington, W. Va., pro se.

No appearance for defendant. Opinion rendered before service.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

This day the Court having considered the petition of Edward Holton for leave to proceed *in forma pauperis*, hereby grants such leave and the Clerk is directed to file his complaint without prepayment of fees or costs.

Turning as it must to the jurisdictional basis for this action, the Court notes there are no facts alleged which satisfy this Court's limited subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. From a reading of the complaint it is apparent that the Plaintiff complains of a breach of a promise allegedly made to him by the Defendant Jail Administrator to the effect that he, as an inmate, would be granted day-for-day good time for all of the time he spent during employment as a member of the jail paint crew. According to his pleading he has not been awarded such good time and he consequently sues for a declaratory judgment that he should be entitled to day-for-day good time, or be compensated the minimum hourly wage as alternative damages for a total of 864 hours straight time and 216 hours overtime.

No federal constitutional right is implicated by the Plaintiff's complaint. Nonpayment of wages or a disallowance of promised good time at best amounts only to an allegation of breach of contract, in the absence of public policy requiring payment of wages or allowance of good time for work performed while in jail. Neither West Virginia law nor federal law requires payment or good time credit under the circumstances. Accordingly, denial of the relief sought is not actionable under 42 U.S.C. § 1983. *Manning v. Lockhart,* 623 F.2d 536 (8th Cir.1980); *see also Altizer v. Paderick,* 569 F.2d 812 (4th Cir.1978); *Newell v. Davis,* 563 F.2d 123 (4th Cir. 1977).

Because the Plaintiff has not and could not state a cause of action under this set of facts, this action is frivolous within the meaning of 28 U.S.C. § 1915(d).

Although the Defendant has not been called upon to answer or otherwise plead, this Court is authorized to dismiss this action *sua sponte* if it is satisfied that it is frivolous. *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983).

The Court so concludes and, therefore, ORDERS Plaintiff's complaint dismissed

with prejudice as being frivolous within the meaning of 28 U.S.C. § 1915(d).

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to all parties at the Cabell County Jail and to the Prosecuting Attorney of Cabell County, Cabell County Courthouse, Huntington, WV 25701.