George ARCE, Plaintiff,

v.

Jane BANKS, Defendant.

No. 94 Civ. 8749 (JES).

United States District Court, S.D. New York.

Feb. 6, 1996.

---

George Arce, Stormville, New York, Plaintiff, Pro Se.

Dennis Vacco, Attorney General of the State of New York, New York City, Barbara P. Demchuk, Assistant Attorney General, of counsel, for Defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Pursuant to 42 U.S.C. § 1983, plaintiff George Arce, acting *pro se*, brings the instant action against defendant Jean Banks,[1] alleging that Banks, a prison nurse, interfered with his right to discuss a medical procedure with a prison surgeon in violation of his First, Eighth, and Fourteenth Amendment rights. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Banks moves to dismiss the complaint. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

At all times relevant to the instant action, plaintiff George Arce was an inmate at the Sing Sing Correctional Facility ("Sing Sing"). Complaint ("Compl.") at 1 (unpaginated).[2] Defendant Jean Banks is a nurse employed in the medical clinic at the Fishkill Correctional Facility ("Fishkill"). *Id.*

On January 30, 1992, Arce was transported from Sing Sing to the Fishkill Correctional Facility for an appointment with a surgeon for the removal of a cyst-like growth on his forehead. Compl. ¶ 1. While in the examining room, Arce discussed with the surgeon the nature of the surgery and the manner in which it was to be performed. *Id.* ¶ 2. The surgeon's notes, which are attached to the

---

1. In the caption of the complaint defendant's name appears as "Jane" Banks. However, defendant Banks indicates that her correct name is "Jean" Banks.

2. The complaint is unpaginated but contains numbered paragraphs on the second and third pages. The Court will cite the numbered paragraphs where possible, and will cite to unpaginated pages where no numbered paragraphs exist.

complaint, indicate that the surgeon explained to Arce that the cyst must be removed by an ellipse of the underlying skin. *Id.* at 4. The notes further reflect that "Arce would not allow excision in the way [the surgeon] described. He attempted to dictate the method of excision." *Id.* Arce claims that Banks "came and 'interrupted' the conversation between plaintiff and the surgeon." *Id.* ¶ 3. When Arce asked whether Banks was a doctor, "she 'yelled' at [him] and stated: 'You have NO business coming here to ask questions on how the surgery will be perform [sic] by the surgeon.'" *Id.*

Arce alleges that Banks thereafter ordered his removal from the examination room and summoned prison security to place him in solitary confinement in the Special Housing Unit. *Id.* ¶ 4. Arce does not allege that he was ever taken to the Special Housing Unit or otherwise adversely affected by the incident. The surgeon's notes reflect that Arce was not scheduled to return to the medical clinic. *Id.* at 4.

Arce alleges that Banks' actions deprived him of his right to free speech without due process in violation of his rights under the First and Fourteenth Amendment. Compl. ¶ 6. In addition, Arce alleges that Banks deprived him of "his right to express his medical problem and receive proper treatment and surgical information" in violation of his Eighth Amendment right to be free from cruel and unusual punishment.[3] *Id.* Arce seeks $500,000 in monetary damages and reasonable attorneys fees. *Id.* ¶¶ 8–9; ¶ II.

## DISCUSSION

In considering a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must construe all allegations in a complaint as true and every inference derived therefrom in favor of the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). A complaint should not be dismissed for failure to state a claim unless it appears that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 422, 89 S.Ct. at 1849 (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)).

Arce's claims must be dismissed because he fails to state a cognizable constitutional claim. Arce sets forth no facts which, if true, create a rational inference that he has suffered any infringement of his right to free speech. Arce's allegation that Banks "yelled" at him does not rise to the constitutional level since yelling, cursing, or even race-baiting does not violate any constitutionally protected rights. *See Morgan v. Ward,* 699 F.Supp. 1025, 1055 (N.D.N.Y.1988) (racial insults do not violate the constitution); *Keyes v. City of Albany,* 594 F.Supp. 1147, 1155 (1984) (use of vile and abusive language cannot form basis for § 1983 claim); *Franciotti v. Reynolds,* 550 F.Supp. 146, 147 (S.D.N.Y.1982) (warnings and verbal reprimands alone are not actionable under § 1983); *Martin v. Blackburn,* 581 F.2d 94, 94 (5th Cir.1978) (per curiam) (verbal harassment and profanity not cognizable as constitutional claim). At most, Arce has suffered a de minimis infringement of his First Amendment rights which is not actionable in a § 1983 petition. *See Connecticut State Federation of Teachers v. Board of Education,* 538 F.2d 471, 481 (2d Cir.1976); *United States v. Shiel,* 611 F.2d 526, 528 n. 3 (1st Cir.1979).

Moreover, Arce's Eighth Amendment claims must also be dismissed because he has failed to allege any facts indicating that Banks was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976) (deliberate indifference to serious medical needs requires a showing of "unnecessary and wanton infliction of pain") (quoting *Gregg v. Georgia,* 428 U.S. 153, 182–83, 96 S.Ct. 2909, 2929–30, 49 L.Ed.2d 859 (1976)). Arce asserts no facts that support that conclusion, and does not even claim, that the cyst-like growth on his forehead consti-

---

**3.** Arce further claims Banks' acts violated his right "to speak with his doctor, which said denial amounts to deliberate indifference to plaintiff's Freedom of Speech [sic]." Compl. ¶ 7. In addition, Arce alleges that the "denial of communication between a doctor and patient regarding medical treatment" violates his Eighth Amendment rights. *Id.*

**310**

tutes a sufficiently serious health risk to form the basis of a constitutional claim. *See Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) ("[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'") (citing *Estelle,* 429 U.S. at 103–04, 97 S.Ct. at 290–91; *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (Eighth Amendment liability requires disregard of "excessive risk to inmate health or safety"); *Price v. Sasser,* 65 F.3d 342, 345 (4th Cir.1995) (plaintiff alleging Eighth Amendment violation must establish "substantial risk of serious harm").

Indeed, because the complaint and attached surgeon's notes establish that Arce discussed the method of surgery and refused to undergo the surgery in the manner directed by the surgeon, there are no facts alleged which afford a rational basis to conclude that the defendant's conduct inflicted *any* pain on plaintiff, much less the wanton infliction of pain which the law requires. This is especially true since Arce does not claim that he was placed in the Special Housing Unit as threatened or otherwise adversely affected. Nor does Arce allege that he was unable to have the cyst removed either at the Fishkill medical clinic or elsewhere in the prison system.

 In any event, even if the alleged facts rose to the level of a constitutional violation, *see Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) (threshold inquiry of qualified immunity is whether plaintiff asserted violation of constitutional right at all), qualified immunity protects Banks from liability for damages in her individual capacity. Public officials are entitled to immunity from damage actions insofar as a reasonable person in defendant's position would believe that his "conduct [did] not violate clearly established ... constitutional rights." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). As set forth above, in yelling at Arce or even threatening to punish him for directing the method of surgery,

Banks did not violate any clearly established constitutional right of which a reasonable nurse should have known. *See Rodriguez v. Phillips,* 66 F.3d 470 (2d Cir.1995) (holding First Amendment right of prisoner to approach and speak to prison officer while officer was disciplining another inmate was not clearly established).

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss shall be and hereby is granted. Accordingly, the Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED.**