**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LLOYD JAMES BURROWS,

Plaintiff-Appellant,

v.

CHEROKEE COUNTY SHERIFF'S
OFFICE, A. Doe through M. Doe;
DAVID F. BREWSTER, Cherokee
County District Court Judge; SAMUEL J.
MARSH, District Attorney of Cherokee
County,

Defendants-Appellees,

and

CHARLES SIMMONS, Kansas
Department of Corrections; CROSS
ROAD CORRECTIONAL CENTER, A.
Doe through M. Doe; MISSOURI
DEPARTMENT OF CORRECTIONS;
MISSOURI STATE BOARD OF
PROBATION AND PAROLE, A. Doe
through F. Doe,

Defendants.

No. 01-3281

(D.C. No. 00-CV-3333-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, **HENRY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Lloyd James Burrows, a state prisoner appearing pro se, filed this 42 U.S.C. § 1983 action claiming that various officials of Cherokee County, Kansas, acted improperly in seeking his extradition from Missouri to Kansas. The district court, without requiring a response from the defendants, dismissed the action pursuant to 28 U.S.C. § 1915A(b)(1) and (2). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, affirm in part, reverse in part, and remand for further proceedings.

In 1991, Burrows was convicted of robbery in the State of Kansas and imprisoned. He was paroled in June 1996. In August 1996, he was arrested in the State of Missouri and convicted of two counts of stealing. In September 1996, while serving a term of imprisonment for the Missouri convictions, Burrows was notified of a detainer lodged against him by law enforcement officials from Cherokee County, Kansas, arising out of a pending criminal case (Case No. 96-CR-219). Acting pursuant to Article III of the Interstate Agreement on Detainers (of which both Kansas and Missouri are parties), Burrows requested that a final disposition be made of the charges pending against him in

Cherokee County. Although he was extradited to Cherokee County to face the pending charges, he was not brought to trial within 180 days and the case against him was dismissed with prejudice.[1] Burrows was thereafter returned to the State of Missouri to complete his sentence.

On July 31, 1998, while still serving his term of imprisonment in Missouri, Burrows was informed that a detainer had been lodged against him by the Kansas Department of Corrections. When he was conditionally released from custody by the Missouri Department of Corrections on September 19, 1998, no officials from the Kansas Department of Corrections were present to take him into custody. Burrows was informed, however, that he "was being paroled out to a detainer in favor of Cherokee County" officials. Amended Complaint at 2A. Consistent with this information, deputies from the Cherokee County Sheriff's Department arrived with an "Order to Transport" issued in Case No. 96-CR-219, the case that previously had been filed against Burrows and dismissed with prejudice. The deputies arrested Burrows, transported him from Missouri to Cherokee County, and placed him in jail. Burrows remained in the Cherokee County jail for two days, and then was transported by deputies to Topeka, Kansas, where he was handed over to officials from the Kansas Department of Corrections. Burrows remains in the custody of the Kansas Department of Corrections on a parole violation.

_____

[1] At some point either before or after the running of the 180-day period, Burrows escaped from custody. He was subsequently arrested, returned to the custody of Cherokee County officials, and pled guilty to an escape charge.

Burrows filed this § 1983 action against the state district court judge who issued the "Order to Transport," the District Attorney of Cherokee County, and various unnamed deputies from the Cherokee County Sheriff's Department. Burrows alleged that the judge and the district attorney violated his constitutional rights by issuing the "Order to Transport," since both defendants were aware that the criminal case in which the order was issued had been dismissed with prejudice several months earlier. Burrows alleged that the unnamed deputies transported him from Missouri to Kansas even though they were aware that the "Order to Transport" was issued in a dismissed criminal case and was thus invalid. Burrows requested relief in the form of monetary damages.

In dismissing the case pursuant to 28 U.S.C. § 1915A(b)(1) and (2), the district court concluded that both the state court judge and the district attorney were entitled to absolute immunity from Burrows' claims for damages. ROA, Doc. 5 at 1-2. As for the unnamed deputies, the court concluded that Burrows' claims against them were frivolous because there was no allegation that the "order [of transport] w[as] secured through any intentional false statements" on their part. Id. at 2. Finally, the district court noted there was no indication in Burrows' complaint "that his brief confinement in the Cherokee County facility was not credited to the sentence imposed for the violation of his Kansas parole." Id.

We find no error on the part of the district court in dismissing Burrows' claims against the state court judge. As the district court correctly noted, judges are entitled to

4

absolute immunity for actions taken in their judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11(1991). "A judge will not be deprived of [such] immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1871)). Here, although Burrows alleges the state court judge's actions in authorizing the "Order of Transport" were improper, it is apparent that those actions were taken in the judge's judicial capacity and within his jurisdiction (i.e., his jurisdiction over criminal proceedings filed in Cherokee County). Thus, the judge is entitled to absolute immunity from suit.

We likewise conclude the court was correct in dismissing Burrows' claims against the Cherokee County District Attorney. It is well established that prosecutors are absolutely immune from suit for activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). That is precisely the set of circumstances alleged in Burrows' complaint. Although Burrows suggests the district attorney's actions in seeking the "Order to Transport" were improper in light of the previous dismissal of the criminal proceedings against Burrows, it is apparent from the pleadings that the district attorney's actions were undertaken as part of his official responsibilities. Stated differently, nothing in the pleadings filed by Burrows indicates the prosecutor stepped outside of his prosecutorial role in pursuing the "Order to

Transport." Thus, he is entitled to absolute prosecutorial immunity.

The remaining, and most difficult, question concerns the viability of Burrows' claims against the unnamed deputies. As previously noted, Burrows' complaint alleges that he was not given notice of any detainer lodged against him by Cherokee County until immediately prior to being taken into custody by the unnamed deputies from Cherokee County on September 19, 1998. Burrows' complaint further alleges that the deputies who took custody of him and transported him to Cherokee County were aware that the "Order to Transport" was invalid. Although he does not specifically state as much, Burrows appears to be alleging either that the deputies violated his rights under the IAD and the Uniform Criminal Extradition Act (of which both Kansas and Missouri are parties as well), or that the deputies illegally arrested him. Construed either way, we cannot say that Burrows' allegations are legally frivolous or fail to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1). We have previously recognized the viability of similar such claims. See Ortega v. City of Kansas City, 875 F.2d 1497, 1500 (10th Cir. 1989) ("[T]here is ample circuit court authority for the proposition that failure to comply with the provisions of the Uniform Extradition Act as enacted by the detaining state can support recovery on § 1983 claims."); Sanders v. Conine, 506 F.2d 530, 532 (10th Cir. 1974) (holding that "[a] complaint which charges abuse of the extradition power by noncompliance with applicable law states a claim under 42 U.S.C. § 1983 and may not be dismissed summarily as frivolous"); see generally Ross v. Neff, 905 F.2d 1349, 1354

6

(10th Cir. 1990) (concluding that "[a] warrantless arrest executed outside of the arresting officer's jurisdiction is analogous to a warrantless arrest without probable cause"); United States v. Kennedy, 457 F.2d 63, 66 (10th Cir. 1972) (concluding that an arrest pursuant to a facially invalid warrant is illegal). Accordingly, we find it necessary to reverse the judgment of the district court and remand these claims to the district court for further proceedings.[2] In doing so, we express no opinion on the ultimate merits of these claims.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this order. Burrows is reminded of his obligation to continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] While this court has not yet determined whether a dismissal pursuant to § 1915A(b)(1) on the ground that the complaint is legally frivolous is reviewed de novo or for an abuse of discretion, Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000), our result would be the same under either standard.